### 37683, 37684. GODFREY v. THE STATE (two cases).

CLARKE, Justice.

Robert Franklin Godfrey, the appellant, was convicted and sentenced to death in Polk County for the murders of Chessie Wilkerson and Mildred Godfrey. The appellant was also convicted of committing an aggravated assault upon his daughter. The convictions and sentences were affirmed on appeal by this court. *Godfrey v. State,* 243 Ga. 302 (253 SE2d 710) (1979). The Supreme Court of the United States reversed as to sentence and remanded the case. Godfrey v. Georgia, 446 U. S. 420 (100 SC 1759, 64 LE2d 398) (1980). Upon remand to the Superior Court of Polk County, *Godfrey v. State,* 246 Ga. 359 (274 SE2d 339) (1980), a jury again returned a verdict for the death sentences. The case is presently before this court upon direct appeal and mandatory review of the death penalty. Code Ann. § 27-2537.

The facts surrounding the death of the victims and the aggravated assault committed upon the appellant's daughter are amply set out in *Godfrey v. State,* 243 Ga. 302, supra, and Godfrey v. Georgia, supra. They therefore will not be repeated here.

1. During the sentencing phase of the initial trial, the court charged the jury as to Code Ann. § 27-2534.1 (b) (7). The jury found "that the offense of murder was outrageously or wantonly vile, horrible and inhuman." On remand, the jury was charged and found that the murders occurred while the offender was engaged in the commission of another capital felony pursuant to Code Ann. § 27-2534.1 (b) (2), a different statutory aggravating circumstance from that charged in the first trial. The evidence presented during the resentencing trial was essentially the same as that presented during the first trial. Appellant in his first enumeration of error contends that his retrial and the subsequent imposition of a second death sentence violated the double jeopardy provisions of the constitutions of the United States and the State of Georgia, and the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

Appellant argues that while ordinarily there is no double jeopardy bar to retrying a defendant who has overturned his conviction upon appeal, a defendant may not be retried if he obtains a reversal of his conviction on the ground that the evidence was insufficient to convict. Burks v. United States, 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978). Appellant concedes that this court has held that the double jeopardy provisions of the United States Constitution and the Constitution of the State of Georgia do not apply to sentence hearings in capital felony cases under Code Ann. § 27-2534.1 (b) (1-10). *Redd v. State,* 242 Ga. 876 (252 SE2d 383) (1979); *Davis v. State,* 242 Ga. 901 (252 SE2d 443) (1979); *Spraggins v. State,* 243 Ga. 73 (252 SE2d 620) (1979); *Green v. State,* 246 Ga. 598 (272 SE2d 475) (1980). However, he argues that the United States Supreme Court in the recent case of Bullington v. Missouri, —— U. S. —— (101 SC 1852, 68 LE2d 270) (1981), extended the constitutional protection against double jeopardy to sentence hearings in all capital felony cases tried under the Georgia death penalty statute.

Bullington arose under a Missouri death penalty statute which is essentially identical to the Georgia statute. The question presented was whether jeopardy attaches when a defendant is subjected to a separate sentencing hearing under a statutory scheme whereby the jury, although not required to do so, may return the death penalty in the presence of certain statutory aggravating circumstances. The Supreme Court of the United States held in the affirmative, reasoning that since the state in a capital felony prosecution has the burden of proof beyond a reasonable doubt, a sentence hearing is for

all intents and purposes a trial. Therefore, an initial finding of a life sentence is in effect an acquittal of whatever is necessary to impose the death penalty. See Price v. Georgia, 398 U. S. 323 (90 SC 1757, 26 LE2d 300) (1970). Such a finding, the Court reasoned, was tantamount to a finding that the evidence was insufficient to support the conviction. Under these circumstances, the Court held, a defendant may not be subjected to a new sentencing hearing wherein the State again seeks the death penalty. Of course, under this court's decisions, defendants who are sentenced to life imprisonment in a capital felony sentencing hearing cannot after reversal be sentenced to a death penalty for the same offense. *Ward v. State,* 239 Ga. 205 (236 SE2d 365) (1977). This has not been based on double jeopardy, however, but on the fact that the death sentence was disproportionate to the life sentence previously imposed.

Appellant urges that the United States Supreme Court's reversal of his death sentence was in effect a finding that the prosecution had not proven sufficient facts to convict. We do not agree. The reversal in Godfrey v. Georgia, supra, was based on the premise that the Supreme Court of Georgia, in affirming a death sentence based on no more than a finding that the offense was outrageously or wantonly vile, horrible and inhuman, had allowed a standardless and unchanneled imposition of the death penalty "in the uncontrolled discretion of a basically uninstructed jury." Godfrey v. Georgia, supra at 429. "There is nothing in these few words, standing alone, that implies any inherent restraint on the arbitrary and capricious infliction of the death sentence." Id. at 428. See *Hance v. State,* 245 Ga. 856 (268 SE2d 339) (1980); *Cape v. State,* 246 Ga. 520 (272 SE2d 487) (1980).

The prosecution in the original case against the appellant proved beyond a reasonable doubt facts sufficient to support a sentence of death upon a finding of an aggravating circumstance under Code Ann. § 27-2534.1 (b) (2). The reversal here being solely upon legal grounds, Godfrey v. Georgia, supra, a retrial would not be for the purpose of affording the prosecution another opportunity to supply evidence which it failed to muster at the first proceeding. The situation is analogous to that in Ball v. United States, 163 U. S. 662 (16 SC 1192, 41 LE 300) (1896), where it was held that ". . . a defendant, who procures a judgment against him upon an indictment to be set aside, may be tried anew upon the same indictment, or upon another indictment, for the same offense of which he had been convicted." Id. at 672. This court has previously held that in determining whether jeopardy attached under the Burks rule at a guilt-innocence trial, the court could consider competent evidence admitted at trial but later found inadmissible in determining

whether the evidence supported a conviction. *Hall v. State,* 244 Ga. 86 (259 SE2d 41) (1979). In *Hall* we said that reversal for trial error on improperly admitted evidence differs from reversal for insufficiency of the evidence because it indicates nothing with respect to guilt or innocence of the defendant. "Rather, it is a determination that a defendant has been convicted through a judicial process which is defective in some fundamental respect, e.g., incorrect receipt or rejection of evidence, incorrect instructions or prosecutorial misconduct." *Hall v. State,* supra at 94. In this case the trial defect was an incomplete verdict. Burks v. United States, supra; Bullington v. Missouri, supra.

Aside from the fact the Bullington case involved a sufficiency of the evidence problem and the present case does not, Bullington is distinguishable upon its facts from the case at bar in that in Bullington there was a life sentence imposed at the first sentencing procedure whereas in the instant case a death penalty was imposed. Therefore, the danger of repeated attempts by the state to wear a defendant down and obtain the desired result is not present. *Green v. State,* supra; *Spraggins v. State,* supra; *Davis v. State,* supra; *Redd v. State,* supra.

Appellant further argues that since the state limited its case to the single aggravating circumstance (Code Ann. § 27-2534.1 (b) (7)) at the initial trial, it is barred from seeking a death penalty on any other aggravating circumstance. We do not agree. Double jeopardy not attaching under these circumstances, the original sentence, at the appellant's behest, has been nullified. The state and defense start anew. See North Carolina v. Pearce, 395 U. S. 711 (89 SC 2072, 23 LE2d 656) (1969); Bullington v. Missouri, supra; *Redd v. State,* supra. Therefore, the state is not limited to the aggravating cir cumstances relied upon at the first hearing. *Spraggins v. State,* supra; *Davis v. State,* supra; *Green v. State,* supra. We do not agree that failure to submit aggravating circumstances which are raised by the evidence is an implied directed verdict of acquittal on these aggravating circumstances.

Appellant's reliance upon Code Ann. § 26-506 and Code Ann. § 26-507 is misplaced in that these statutes by their terms apply only to crimes, not punishment. See Price v. Georgia, supra.

2. Appellant contends that no statutory authority exists for remand of this defendant for a resentencing trial. He argues that there was no error by the trial court which would trigger the provisions of Code Ann. § 27-2503 (a), but, rather, a sentence review error by this court of constitutional proportions. However, in capital felony cases, the authority for remand is implicit in the mandate of Code Ann. § 27-2537 (c) (2) that this court review the death sentence.

See Code Ann. § 27-2503 (b). Appellant's argument is without merit.

3. The appellant further contends that Code Ann. § 27-2534.1 (b) (2), as applied to the facts in this particular case, is unconstitutionally vague and overbroad in violation of the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. He argues that since both murders were separate in time, although only moments apart, and each was instantaneous, one could not have occurred while in the commission of another. However, this argument has been raised before and decided in a manner contrary to appellant's position. *Gilreath v. State,* 247 Ga. 814 (279 SE2d 650) (1981). Furthermore, under the plain meaning of the statute, multiple murders are included as "another capital felony."

4. In his second enumeration of error, the appellant contends the trial court had no jurisdiction to resentence in that he had filed a notice of appeal, thereby "suspending jurisdiction for further proceedings in the trial Court." Prior to trial the appellant filed a motion to enjoin or prohibit the state from proceeding with the resentencing trial to seek the death penalty. The motion was overruled. A plea of former jeopardy and plea in bar against imposition of other than a life sentence were also denied. Thereafter appellant filed a notice of appeal of the denial of the injunction.

The state argues that the motion to enjoin the proceeding is not a final order which is subject to appeal. On the other hand, appellant contends that since the motion was for an injunction, Code Ann. § 6-701 (a) (3) controls and no trial court's certificate was required. Appellant reasons that his notice of appeal of the order denying the motion to enjoin suspended the jurisdiction for further proceedings in the trial court. Ordinarily, the position taken by the state would prevail because the question raised in the motion to enjoin was raised in other motions filed by appellant. The motion was simply one of several attempts to have an issue determined, and it would be subjected to review after trial.

The problem with this reasoning arises from the holding of the United States Supreme Court in Abney v. United States, 431 U. S. 651 (97 SC 2034, 52 LE2d 651) (1977). In that case, the Court held that the denial of a motion to dismiss an indictment falls within the "collateral order" exception to the rule which requires that a judgment be final in order to be subject to appeal. The Court noted that the double jeopardy clause protects an individual against double trials as well as double punishments, and the postponement of appellate review until after conviction and sentence would significantly undermine the rights conferred by the Constitution.

In this case, however, the motion was denied on October 24, 1980. The notice of appeal of that motion was filed on November 3, 1980, and the trial commenced November 17, 1980, and concluded November 20, 1980. It may also be significant to note that Bullington v. Missouri, supra, was not decided until May of 1981. In proceeding with the resentencing trial, the trial court was simply exercising the specific authority granted by this court in its unappealed order remanding the case. *Godfrey v. State,* 246 Ga. 359, supra.

The issue of double jeopardy raised by appellant has been fully reviewed and decided in Division 1 of this opinion. In view of that fact, there is no benefit to appellant which could have been realized from piecemeal determination of the double jeopardy issue. Since we have held that there is no double jeopardy, the most to be derived from an earlier adjudication of the same question would be the protraction of the litigation. We do not find that this defendant has been harmed by the trial court's denial of the motion to enjoin the proceeding.

5. In his third enumeration of error the appellant urges that the trial court abused its discretion in improperly limiting inquiry during voir dire into the juror's personal attitudes towards the death penalty in the crime of murder.

During voir dire defense counsel attempted to ask the veniremen what they thought the proper punishment would be for someone who had been convicted of murder. The state objected and was sustained. Thereafter, defense counsel attempted to question the veniremen on whether they agreed or disagreed with the option of the death penalty created by statute and whether they felt as a general proposition that the death sentence was appropriate for first degree murder. The state objected to each of these questions, and the trial court sustained the objection. Appellant now contends that the trial court abused its discretion in limiting voir dire. The conduct of the voir dire is within sound discretion of the trial court, and his rulings are proper absent some manifest abuse of discretion. *Welch v. State,* 237 Ga. 665 (229 SE2d 390) (1976). General questions and technical legal questions are not proper voir dire questions. *McNeal v. State,* 228 Ga. 633 (187 SE2d 271) (1972); *Patrick v. State,* 245 Ga. 417 (265 SE2d 553) (1980); *Wallace v. State,* 248 Ga. 255 (282 SE2d 325) (1981). We find no such abuse of trial judge's discretion in so limiting voir dire, especially in light of the trial court's charging the jury on capital punishment after he sustained the state's objection to the question. Two jurors were properly excused under the ruling of Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) (1968), in that each juror answered unequivocally that he or she was opposed to capital punishment and could not vote for the death

penalty regardless of the evidence presented at trial. *Stevens v. State,* 247 Ga. 698 (278 SE2d 398) (1981).

6. In his fourth enumeration of error, appellant contends the trial court erred in allowing photographs of the victims to be entered into evidence. He argues first that the photographs were evidence in aggravation and therefore subject to the notice provisions of Code Ann. § 27-2503 (a). He further argues that the photographs were irrelevant in that they were not proof of the aggravating circumstances under which the death penalty was being sought, Code Ann. § 27-2534.1 (b) (2). However, these same photographs were introduced at the prior trial as part of the state's proof and held to be admissible in *Godfrey v. State,* 243 Ga. 302, supra. In order to enable the resentencing jury to fulfill its responsibility, the state is authorized to offer evidence for the purpose of putting the jury in a position of having at least as much knowledge of the circumstances as the original jury which heard both the guilt-innocence and sentencing phases of the trial. The photographs represented the crime scene and the victims' injuries, and the defendant may not prevent the jury from viewing them. The evidence having been introduced at the first trial as part of the state's case in chief, such evidence is not evidence in aggravation as set forth in Code Ann. § 27-2503 (a). Appellant's enumeration of error is without merit.

7. Appellant offered in mitigation the testimony of Patsy Morris to the effect that death sentences in domestic cases are rare. The trial court did not allow the evidence, and the appellant urges error. Such evidence is not of a mitigating nature but, rather, addresses itself to an issue required under the statute to be decided upon appeal. The trial court did not err in excluding the evidence, and appellant's enumeration of error 5 is without merit. *Franklin v. State,* 245 Ga. 141 (263 SE2d 666) (1980); *Stevens v. State,* supra.

8. Appellant submitted nine requests to charge which the trial court declined. Appellant now asserts error, contending that the failure to give some if not all of the requested charges is error of constitutional proportions. Appellant's first request to charge consisted of examples of mitigating circumstances. Examples of mitigating circumstances are not required to be charged during the sentencing phase of the trial. *Collier v. State,* 244 Ga. 553 (261 SE2d 364) (1979); *Cape v. State,* supra; *Dick v. State,* 246 Ga. 697 (273 SE2d 124) (1980). The trial court adequately charged as to *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977); *Hawes v. State,* 240 Ga. 327 (240 SE2d 833) (1978). The trial court charged in substance appellant's requests 3, 4, 6, 8, and 9, and a failure to instruct in the exact language requested is not error. *Dick v. State,* supra; *Pollard v.*

*State,* 236 Ga. 587 (224 SE2d 420) (1976).

Appellant's fifth request to charge, to wit: "The crime of murder, in terms of law, is completed upon the death of the victim," under the facts of this case is an incorrect statement of law, and the trial court did not err in refusing to so charge. *Gilreath v. State,* supra; *Hance v. State,* supra. In view of the court's full and extensive charge on mitigation, the court's failure to give appellant's request to charge number 7 to the effect that in determining aggravating circumstances beyond a reasonable doubt, character alone may create a doubt sufficient to cause a finding that the defendant is entitled to a life sentence, was not error. The trial court therefore did not err in failing to charge this request. *Dick v. State,* supra. Likewise, we have reviewed the remaining requests to charge and find that the trial court did not err in failing to charge these to the jury. Appellant cites no authority for his position as to these remaining requests.

9. The use of jury verdict forms in capital felony cases has been upheld by this court. Appellant's last enumeration of error is without merit. *Tucker v. State,* 244 Ga. 721 (261 SE2d 635) (1979); Code Ann. § 27-2534.1 (c).

### Sentence Review

As required by Georgia Law, 1973, p. 159, et seq., (Code Ann. § 27-2537 (c) (1-3)), we have reviewed the death sentence in this case. We have considered the aggravating circumstances found by the jury and the evidence concerning the crime and the defendant pursuant to the mandate of the statute. We conclude that the sentence of death imposed in this case was not imposed under the influence of passion, prejudice, or any arbitrary factor.

The jury found the following aggravating circumstance as to each of the two counts of murder with which appellant was charged: (a) as to Count 1, the murder of Mildred Godfrey: that the offense of murder was committed while the offender was engaged in the commission of another capital felony, viz., the murder of Chessie C. Wilkerson, Code Ann. § 27-2534.1 (b) (2); and (b) as to Count 2, the murder of Chessie C. Wilkerson: that the offense of murder was committed while the offender was engaged in the commission of another capital felony, viz., the murder of Mildred Godfrey. Code Ann. § 27-2534.1 (b) (2).

During the guilt-innocence phase of the trial, *Godfrey v. State,* 243 Ga. 302, supra, the jury found the defendant guilty of two counts of murder. The state reintroduced the evidence of the two murders at the resentencing hearing. We find that the evidence factually substantiates and supports the finding of the aggravating circumstance as to each murder by a rational trier of fact beyond a

reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Gilreath v. State,* 247 Ga. 814, supra.

We have reviewed the instructions of the trial court and find that the charge is not subject to the defects dealt with in *Fleming v. State,* 240 Ga. 142, supra, and *Hawes v. State,* 240 Ga. 327, supra.

Appellant in his sixth enumeration of error argues that the death penalty in domestic cases is such a rarity that, considering the mitigation, i.e., lack of prior criminal record and psychiatric history, the death penalty as applied to appellant is disproportionate and is also "unusual" and therefore violates the Eighth and Fourteenth Amendments of the United States Constitution. In reviewing the death penalties in this case we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed. Cases selected for comparison included those involving a death sentence or those involving a life sentence for domestic homicides, that is where the victim was a girl friend, spouse, or ex-spouse of the perpetrator, or a relative of the girl friend, spouse, or ex-spouse. As we noted in *Tyler v. State,* 247 Ga. 119 (274 SE2d 549) (1981), and *Gilreath v. State,* supra, "Although lesser sentences than death are frequently imposed in domestic murder cases, it does not follow that the death penalty would not be authorized for the murder of one spouse by another under any circumstances. [Cites omitted.] Some of the more vile, horrible or inhuman homicides have been perpetrated by family members against one another." *Tyler v. State,* supra at 126. Since January 1, 1970, juries throughout the state have given the death penalty in seven domestic murder cases. These cases are listed in the appendix. Therefore, domestic murders are not a "capriciously selected group of offenders." Gregg v. Georgia, 428 U. S. 153, 199 (96 SC 2909, 49 LE2d 859) (1976). In addition, multiple murder cases were selected for comparison and listed in the appendix. In 3 of the 7 cases in which the death penalty was returned, not only did defendant have no prior record, but also there was a history of prior psychiatric disorder, as in the instant case. Therefore, we find the appellant's sentence to death for murder is not excessive or disproportionate to the penalty imposed in similar cases considering both the crime and the defendant.

We find that the similar cases listed in the appendix in the appellant's first appeal, *Godfrey v. State,* 243 Ga. 302, supra, and the cases listed in the appendix attached hereto support the affirmance of the death penalty in this case.

While it is not enumerated as error, as part of our independent sentence review we note that the sentence of death for the murder of Mildred Godfrey is supported by the aggravating circumstance that

her murder was committed during the murder of Chessie Wilkerson. Furthermore, the death penalty for the murder of Chessie Wilkerson is supported by the aggravating circumstance that her murder was committed during the murder of Mildred Godfrey. It is apparent that the two aggravating circumstances are "mutually supporting." *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974); *Waters v. State,* 248 Ga. 355 (283 SE2d 238) (1981). Therefore, one of the death penalties must be set aside. As in *Waters v. State,* supra, we arbitrarily eliminate the death penalty for the murder of Mildred Godfrey and remand to the trial court for resentencing appellant to a life sentence as to that count.

*Judgment affirmed in part; reversed in part and case remanded. All the Justices concur, except Hill, P. J., who dissents, and Weltner, J., not participating.*

DECIDED NOVEMBER 24, 1981 —
REHEARING DENIED DECEMBER 16, 1981.

*J. Calloway Holmes, Jr., Gerry E. Holmes,* for appellant.

*William A. Foster III, District Attorney, Barbara V. Tinsley, Assistant District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Mary Beth Westmoreland, Assistant Attorneys General,* for appellee.

APPENDIX.

*Sirmans v. State,* 229 Ga. 743 (194 SE2d 476) (1972); *Smith v. State,* 236 Ga. 12 (222 SE2d 308) (1976); *Dix v. State,* 238 Ga. 209 (232 SE2d 47) (1977); *Alderman v. State,* 241 Ga. 496 (246 SE2d 642) (1978); *Mulligan v. State,* 245 Ga. 266 (264 SE2d 204) (1980), Addendum — 245 Ga. 881 (268 SE2d 351) (1980); *Fair v. State,* 245 Ga. 868 (268 SE2d 316) (1980); *Tyler v. State,* 247 Ga. 119 (274 SE2d 549) (1981); *Strickland v. State,* 247 Ga. 219 (275 SE2d 29) (1981); *Gilreath v. State,* 247 Ga. 814 (279 SE2d 650) (1981).

HILL, Presiding Justice, dissenting.

As Justice Rehnquist has suggested, courts should frequently (if not always) examine the actual text of the Constitution.[1]

The double jeopardy clause of the Fifth Amendment provides: "... nor shall any person be subject for the same offense to be twice put in jeopardy of life or limb. ..." As the majority recognizes, this

---

[1] Snead v. Stringer, —— U. S. —— (50 US LW 3345) (1981) (Justice Rehnquist, joined by the Chief Justice and Justice O'Connor, dissenting to the denial of certiorari.)

provision is applicable to the sentencing phase of death penalty cases which are "punishment trials" under the Missouri and Georgia statutes. Bullington v. Missouri, —— U.S. —— (101 SC 1852, 68 LE2d 270) (1981).

Reading the double jeopardy clause, Godfrey has been "subject for the same offense to be twice put in jeopardy of life." There is, of course, an exception where the defendant obtains a retrial based upon trial error (as opposed to insufficiency of the evidence). The majority sees the defect in the defendant's first trial as an incomplete verdict. That incomplete verdict resulted from the jury's failure to find depravity of mind of the defendant.[2] That is, the jury found no evidence of depravity of mind. Thus, double jeopardy applies.

If further analysis is necessary, Code Ann. § 27-2534.1 (c) provides: "The statutory instructions as determined by the trial judge to be warranted by the evidence shall be given in charge and in writing to the jury for its deliberation." At the first trial, the judge determined that aggravating circumstance (b) (7) was warranted by the evidence. Although erroneous, the judge determined that aggravating circumstance (b) (2) was not warranted by the evidence. "Having received 'one fair opportunity to offer whatever proof it could assemble,' [cit.] the State is not entitled to another." Bullington v. Missouri, supra, 68 LE2d 283. In light of Bullington, I must retract my concurring opinion in *Davis v. State,* 242 Ga. 901, 910 (252 SE2d 443) (1979).

Because I dissent to division one of the majority opinion, I must also dissent to division four. See Abney v. United States, 431 U. S. 651 (97 SC 2034, 52 LE2d 651) (1977). In my view, because "the double jeopardy clause protects an individual against double trials as well as double punishments . . ." (majority opinion), Code § 6-701 is constitutionally deficient insofar as orders overruling pleas of double jeopardy are concerned and, until this deficiency is rectified, judges should certify interlocutory appeals of orders overruling pleas of double jeopardy under Code § 6-701 (2).

For the foregoing reasons, I respectfully dissent to divisions one

---

[2] Aggravating circumstance (b)(7) requires the jury to find that "(I) The offense of murder was outrageously or wantonly vile, horrible or inhuman (II) in that it involved (A) aggravated battery to the victim, (B) torture to the victim, or (C) depravity of mind of the defendant." *Hance v. State,* 245 Ga. 856, 860 (268 SE2d 339) (1980), cert. den. —— U.S. —— (101 SC 796) (1980). The trial judge charged the jury as to Code Ann. § 27-2534.1 (b) (7). The district attorney told the jury no torture or aggravated battery was involved and the jury found only that the offense was "outrageously or wantonly vile, horrible and inhuman" thereby failing to find depravity of mind.

and four of the majority opinion and to the affirmance of the death penalty.