38069. ZANT v. REDD.

PER CURIAM.
1. Appellee's motion to dismiss is denied. *Reed v. Hopper,* 235 Ga. 298 (5) (219 SE2d 409) (1975).
2. This case presents the issue of whether double jeopardy attaches to aggravating circumstances in a death penalty case.

The appellee was convicted of murder and kidnapping and was sentenced to die for the murder. On appeal Redd's conviction was affirmed, but his death sentence was reversed on technical grounds and a new sentencing trial was ordered. See *Redd v. State,* 240 Ga. 753 (243 SE2d 16) (1978). On resentencing, the death penalty was again imposed. This sentence was affirmed on appeal to this Court. *Redd v. State,* 242 Ga. 876 (252 SE2d 383) (1979).

In June of 1981, Redd filed a habeas corpus petition in Butts County Superior Court alleging that on resentencing the consideration by the jury of certain statutory aggravating circumstances was in violation of the double jeopardy clause.

At Redd's first sentencing trial, three aggravating circumstances were submitted to the jury. The jury imposed the death sentence but only listed one aggravating circumstance in support thereof.

The second sentencing jury was authorized to consider four

aggravating circumstances — the three submitted to the first jury plus an additional one the judge felt was supported by the evidence.

Redd, relying on Bullington v. Missouri,—— U. S. —— (101 SC 1852, 68 LE2d 270) (1981), argued on habeas that the first jury, by not listing two of the three submitted statutory aggravating circumstances in support of the death penalty, essentially "acquitted him of those two," thereby making it a violation of the double jeopardy clause for the state to have offered proof on and for the second jury to have considered them on resentencing.

Redd did not contend that the state could not reseek the death penalty, for Bullington clearly allows for it where a death penalty which is first imposed is set aside on legal grounds. See, *Godfrey v. State,* 248 Ga. 616 (1) (284 SE2d 422) (1981). Neither did Redd complain of the submission to the second sentencing jury of the one aggravating circumstance found by the first jury or of the one not submitted to that jury.

The habeas trial judge, also relying on Bullington v. Missouri, agreed with Redd's arguments and set aside his death sentence. The state appeals, and we reverse.

Redd argues that Bullington mandates that we affirm the reversal of his death sentence. Bullington is the first case in which the United States Supreme Court has held the double jeopardy clause to be applicable to the sentencing phase of a criminal trial. In Bullington, the court held that the imposition of a life sentence by the first jury was an "acquittal" of the death sentence. Therefore, the court held that for the state to seek the death penalty on resentencing would be in violation of the double jeopardy clause.

The basis of the Supreme Court's ruling in Bullington was that the procedure involved in sentencing under Missouri's death penalty statute closely resembled that of a trial on guilt or innocence. The court emphasized that the jury was presented with two alternatives, life or death, and that to impose death the jury had to find certain facts beyond a reasonable doubt. The court felt that this sentencing procedure required the jury to determine if the state had "proved its case" when seeking to impose the death penalty. Consequently, the court reasoned that a sentence of life amounted to an "acquittal" of the death penalty. In conclusion, the court ruled that an "acquittal" on sentencing should be accorded the same finality as an "acquittal" on guilt or innocence.

We find that this reasoning does not apply to aggravating circumstances and does not mandate a ruling that the failure of a jury to list certain aggravating circumstances in support of the death penalty amounts to an "acquittal" of those circumstances.

An alternative process is not involved in a jury's consideration of

aggravating circumstances. The Georgia death penalty statute only requires a finding of one aggravating circumstance in order to impose the death penalty (Code Ann. § 27-2534.1 (c)), and the jury in this case was so instructed. The jury's decision with regard to aggravating circumstances is not a mutually exclusive one as it is with regard to the choice of life or death. Consequently, we cannot say, as the Supreme Court did with regard to the choice of life or death, that the listing of only one of three aggravating circumstances in support of the death penalty is an "acquittal" of the other two. The procedural basis which led the court to its decision in Bullington does not exist in this case.

Even if the decision on aggravating circumstances involved an alternative process, we would refrain from applying the double jeopardy clause to aggravating circumstances as the principles involved in double jeopardy do not warrant its application to them.

In Green v. United States, 355 U. S. 184, 187 (78 SC 221, 2 LE2d 199) (1957) the United States Supreme Court noted that "[t]he constitutional prohibition against 'double jeopardy' was designed to protect an individual from being subjected to the hazards of trial and possible conviction more than once for an alleged offense." In addition, the Supreme Court in Bullington, noting the values that underlie the double jeopardy rule, quoted the following language from the Green decision:

" 'The underlying idea, one that is deeply ingrained in at least the Anglo-American system of jurisprudence, is that the State with all its resources and power should not be allowed to make repeated attempts to convict an individual for an alleged offense, thereby subjecting him to embarrassment, expense and ordeal and compelling him to live in a continuing state of anxiety and insecurity, as well as enhancing the possibility that even though innocent he may be found guilty.' Green v. United States, 355 U. S. 184, 187-188 (1957)."

The Supreme Court in Bullington stated that the above principles applied equally to the question of whether the defendant deserved to die as it did to the question of guilt or innocence. The court essentially equated the question of life or death to an offense and found that a decision of life or death deserved the same finality as a decision on guilt or innocence. It noted that the defendant faces " 'embarrassment, expense and ordeal' " and " 'anxiety and insecurity' " when facing the dealth penalty.

We refrain from equating "aggravating circumstances" to an offense. See, *Redd v. State,* 242 Ga. 876, 885, supra; *Green v. State,* 246 Ga. 598 (8) (272 SE2d 475) (1980).

Aggravating circumstances are procedural standards designed

to control a jury's discretion in capital cases in order to ensure against capricious and arbitrary enforcement of the death penalty. See, Gregg v. Georgia, 428 U. S. 153, 197-98 (96 SC 2909, 49 LE2d 859) (1976), reh. den., 429 U. S. 875 (1976). Aggravating circumstances are not substantive "penalties" or "offenses"; they do not place the defendant's life in peril or subject him to a possible "conviction"; they are standards which guide a jury's decision on what does place the defendant's life in jeopardy at the sentencing trial — the death penalty.

As we have determined that double jeopardy does not apply to aggravating circumstances, we apply the established double jeopardy rule to the sentencing phase of Redd's trial, i.e., that on a trial on guilt or innocence, if a defendant is found guilty and convicted but overturns his conviction on legal grounds, the slate is wiped clean, the conviction nullified, and the state and the defense start anew. *Godfrey v. State,* 248 Ga. 616 (1), supra; North Carolina v. Pearce, 395 U. S. 711, 720-21 (89 SC 2072, 23 LE2d 656) (1969); United States v. Tateo, 377 U. S. 463, 466 (84 SC 1587, 12 LE2d 448) (1963).

Applying this principle to a sentencing hearing in a death penalty case, the following rule emerges: if a defendant overturns his death sentence on technical grounds, the sentence is nullified and the state and the defense start anew. Consequently, on resentencing the state may again seek the death penalty and may offer any evidence on aggravating circumstances in support thereof. Likewise, the defendant is entitled to bring to the jury any mitigating circumstances available to him, including those not known or utilized at the first sentencing trial. In accordance with that reasoning, we held in *Godfrey* that if a defendant overturns his death sentence on legal grounds, the death penalty may be sought on resentencing, and the state may offer proof of statutory aggravating circumstances not offered at the first trial. We take that reasoning one step further and hold that on resentencing in this case the state acted properly in offering proof of statutory aggravating circumstances submitted to the first jury but not listed by that jury in support of the death sentence.

*Judgment reversed. All the Justices concur, except Hill, P. J., who concurs specially.*

DECIDED APRIL 6, 1982.

*Michael J. Bowers, Attorney General, Daryl A. Robinson, Assistant Attorney General,* for appellant.

*Stanley C. House,* for appellee.

HILL, Presiding Justice, concurring specially.

In Redd's first sentencing trial, three aggravating circumstances were submitted to the jury: (1) The offense of murder was committed while the defendant was engaged in the commission of the capital felony of kidnapping with bodily injury (Code Ann. § 27-2534.1 (b) (2)); (2) the offense of murder was outrageously or wantonly vile or inhuman in that it involved torture, or depravity of mind, or an aggravated battery (Code Ann. § 27-2534.1 (b) (7)); and (3) the offense of murder was committed while the offender was engaged in the commission of the capital felony of armed robbery (Code Ann. § 27-2534.1 (b) (2)). See *Redd v. State,* 242 Ga. 876, 883 (252 SE2d 383) (1979), cert. denied, 442 U. S. 934. The jury returned a recommendation of death based only on the aggravating circumstance that the murder was committed while Redd was engaged in the capital felony of kidnapping with bodily injury. We reversed this death sentence because the jury was not adequately instructed concerning their option to recommend life imprisonment even if they found the presence of a statutory aggravating circumstance. *Redd v. State,* 240 Ga. 753 (7) (243 SE2d 16) (1978). See also *Hawes v. State,* 240 Ga. 327 (240 SE2d 883) (1977); *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1977).

In the resentencing trial, the jury was permitted to consider four aggravating circumstances, the same three charged in the original trial plus Code Ann. § 27-2534.1 (b) (4) (the offense of murder was committed for the purpose of receiving money). *Redd v. State,* supra, 242 Ga. at 883 n. 2. The jury again found in favor of the death penalty, this time based on both the aggravating circumstance of kidnapping with bodily injury ((b) (2)) and the aggravating circumstance that the murder was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind or an aggravated battery ((b) (7)).

I agree that because this is a case where the defendant's first death sentence was reversed due to trial error, the resentencing jury was free to again recommend the death penalty. Cf., North Carolina v. Pearce, 395 U. S. 711, 719-20 (89 SC 2072, 23 LE2d 656) (1969). Compare *Godfrey v. State,* 248 Ga. 616, 625-26 (284 SE2d 422) (1981) (Hill, P. J., dissenting). For the following reason, I also agree that the habeas court erred in setting aside the death sentence imposed by the resentencing jury in this case.

The first sentencing jury returned the aggravating circumstance of kidnapping with bodily injury and this finding was not reversed due to insufficient evidence. It did not violate double jeopardy to resubmit this aggravating circumstance to the second jury or for them to impose the death penalty based upon it. Under our cases, when two

or more aggravating circumstances are returned by the jury in recommending a death sentence, the failure of one aggravating circumstance does not invalidate the other aggravating circumstance or the death sentence. *Stevens v. State,* 247 Ga. 698, 708-09 (278 SE2d 398) (1981); *Burger v. State,* 245 Ga. 458, 462 (265 SE2d 296) (1980), cert. denied, 446 U. S. 988. Because the habeas court therefore erred in setting aside Redd's death sentence, regardless of whether it was error to submit aggravating circumstance (b) (7) to the resentencing jury, I would not reach the issue discussed at length in the majority opinion.