## 38757. PATRICK v. THE STATE.

MARSHALL, Justice.

The appellant was convicted of the murder of a 15-year-old girl. The jury was instructed that it would be authorized to sentence the appellant to death on grounds that: (1) the offense of murder was outrageously or wantonly vile, horrible or inhuman in that it involved an aggravated battery, Code Ann. § 27-2534.1 (b)(7); and/or (2) the offense of murder was committed while the offender was engaged in the commission of another capital felony, to wit: kidnapping. Code Ann. § 27-2534.1 (b)(2). The jury found statutory aggravating circumstances of kidnapping and aggravated battery to the victim, and the death penalty was imposed. On appeal, we affirmed. *Patrick v. State,* 245 Ga. 417 (265 SE2d 553) (1980).

On certiorari, the United States Supreme Court vacated this court's judgment in *Patrick v. State,* supra, and remanded the case for reconsideration in light of Godfrey v. Georgia, 446 U. S. 420 (100 SC 1759, 64 LE2d 398) (1980). Patrick v. Georgia, 449 U. S. 988 (101 SC 522, 66 LE2d 285) (1980).

On remand, we vacated the death penalty and remanded the case to the trial court for imposition of a life sentence or a new trial as to punishment. *Patrick v. State,* 247 Ga. 168 (274 SE2d 570) (1981). As to the aggravating circumstance found at § 27-2534.1 (b)(7), we held that the evidence did not show beyond a reasonable doubt that the victim suffered an aggravated battery before death. We did hold that the evidence was sufficient to support imposition of the death penalty under § 27-2534.1 (b)(7) on the ground of depravity of mind on the part of the defendant; however, the jury was not instructed as to this sub-part of § 27-2534.1 (b)(7). As to the aggravating circumstance found at § 27-2534.1 (b)(2), we held that the jury's imposition of the death penalty could not be sustained on this ground, since the commission of a capital felony is necessary to trigger § 27-2534.1 (b)(2). At the appellant's trial, the jury was instructed only on the definition of simple kidnapping, rather than kidnapping for ransom or kidnapping with bodily injury, and simple kidnapping is not a capital felony.

On remand to the trial court, the appellant filed a motion for imposition of life sentence, arguing that under the double-jeopardy clause he cannot be given the death penalty in a resentencing hearing. The trial court denied this motion and granted a certificate of immediate review. However, the appellant has filed this direct appeal under the authority of *Patterson v. State,* 248 Ga. 875 (287 SE2d 7) (1982). *Held:*

It would appear that the judgment appealed from should be

affirmed on the ground that the trial court's denial of the appellant's double-jeopardy plea was mandated by our ruling in *Patrick v. State,* 247 Ga. 168, supra, permitting the holding of a new trial as to punishment.

The appellant's argument is that his double-jeopardy plea should have been sustained under the authority of Bullington v. Missouri, 451 U. S. 430 (101 SC 1852, 68 LE2d 270) (1981), which was rendered by the United States Supreme Court subsequent to our earlier remand. However, we have recently held in *Zant v. Redd,* 249 Ga. 211 (290 SE2d 36) (1982), in accordance with our earlier decision in *Godfrey v. State,* 248 Ga. 616 (1) (284 SE2d 422) (1981), that the ruling in Bullington v. Missouri, supra — that the state cannot seek the death penalty on resentencing after the original sentencing jury has imposed a life sentence — does not apply where the jury has imposed the death penalty and the death penalty is vacated on legal grounds as opposed to grounds that the evidence is insufficient to support the verdict. Cf. Burks v. United States, 437 U. S. 1 (98 SC 2141, 57 LE2d 1) (1978). The death penalty was vacated here because of defects in the jury charge at the presentence hearing and not because of an insufficiency of the evidence to support the death penalty verdict.

*Judgment affirmed. All the Justices concur.*

DECIDED JULY 8, 1982—
REHEARING DENIED JULY 21, 1982.

*Richard A. Dodelin, Jr., Richard O. Smith,* for appellant.
*William J. Smith, District Attorney, Douglas C. Pullen, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.