## 43172. CRAWFORD v. THE STATE.
### (344 SE2d 215)

WELTNER, Justice.

Eddie Albert Crawford was convicted of the murder of his 29-month-old niece, Leslie Michelle English, and sentenced to death. We reversed the conviction on grounds relating to the form of the verdict. *Crawford v. State,* 254 Ga. 435, 439 (1) (330 SE2d 567) (1985). Before a second trial, Crawford filed a pre-trial motion to enjoin the state from seeking again the death penalty. The trial court denied his motion and Crawford appeals.

1. Crawford contends that principles of double jeopardy, as applied to resentencing, prohibit the state from seeking the death penalty on retrial. He relies on *Bullington v. Missouri,* 451 U. S. 430 (101 SC 1852, 68 LE2d 270) (1981), for the proposition that a reversal of a conviction in which the death penalty has been imposed is equivalent to an acquittal. Here, the jury found "kidnapping" as the sole aggravating circumstance at Crawford's trial. Kidnapping alone is not a statutory aggravating circumstance. OCGA §§ 16-5-40 (b); 17-10-30 (b) (2). *Crawford,* supra, 254 Ga. at 440 (5). Crawford maintains that the jury thus "acquitted" him of the aggravating circumstances of kidnapping with bodily injury and of any other possible aggravating circumstance.

In *Poland v. Arizona,* ___ U. S. ___ (___ SC ___, ___ LE2d ___) (54 USLW 4445, May 5, 1986), the United States Supreme Court held that a reversal of a conviction in which the death penalty was imposed does *not* preclude imposing the death penalty upon a retrial unless the sentencer or reviewing court has found that the evidence is insufficient to support the death penalty. The jury here was charged relative to the alleged aggravating circumstances of rape, kidnapping, and kidnapping with bodily injury. The jury imposed the sentence of death, specifying "kidnapping" as the aggravating circumstance.

2. There has been no finding that the evidence is insufficient to

support the death penalty. Indeed, the evidence in the case is amply sufficient to warrant capital punishment. Accordingly, the state is not prohibited from seeking anew the death penalty. Upon retrial, the state may introduce evidence of kidnapping with bodily injury, and of any other aggravating circumstances, including any which were not presented to the first jury. *Zant v. Redd*, 249 Ga. 211, 214 (290 SE2d 36) (1982); *Spraggins v. State*, 255 Ga. 195, 204 (7) (336 SE2d 227) (1985); see also Gregory, J., special concurrence, id. at 205.

*Judgment affirmed. All the Justices concur.*

DECIDED JUNE 10, 1986.

*August F. Siemon III,* for appellant.

*Johnnie L. Caldwell, District Attorney, J. David Fowler, Paschal A. English, Jr., Assistant District Attorneys,* for appellee.