## 44876. PAGE v. THE STATE.
### (361 SE2d 153)

PER CURIAM.

Jerry Homer Page was convicted of murder and sentenced to death. His death sentence was reversed on appeal to this court because of an inadequate verdict by the jury. *Page v. State,* 256 Ga. 191 (345 SE2d 600) (1986). After the state reasserted its intention to seek the death penalty, he filed this plea of former jeopardy, which the trial court denied. He appeals. We affirm.

The jury, at Page's sentencing trial, returned a verdict in the form of the District Attorney's notice of intent to seek the death penalty.[1] Because the notice was returned verbatim, it was uncertain whether the jury realized that it was to make an independent determination whether any aggravating circumstances existed, and if it did, it also failed to choose between the two alternatives presented to it by the court. However, it was clear that the jury intended to find an aggravating circumstance and to recommend the death penalty. *Godfrey v. State,* 248 Ga. 616, 618 (284 SE2d 422) (1981); *Zant v. Redd,* 249 Ga. 211 (290 SE2d 36) (1982). Furthermore, the evidence supported that verdict.

Page argues here that the trial court's acceptance of a legally insufficient verdict constituted an acquittal, citing several cases including *Cross v. State,* 124 Ga. App. 152 (183 SE2d 93) (1971) and *Couch*

---

[1] "We find the following statutory aggravating circumstances: Notice of Intent to Seek Death Penalty Comes now the District Attorney and files this his notice to seek the death penalty pursuant to O.C.G.A. 17-10-30 and will show the following circumstances: In that the murder was committed while the offender was engaged in the commission of another Capital felony to wit: Murder or Aggravated battery upon another victim."

*v. State*, 28 Ga. 367 (1859), and that thereafter the death penalty may not be reimposed. *Arizona v. Rumsey*, 467 U. S. 203 (104 SC 2305, 81 LE2d 164) (1984); *Bullington v. Missouri*, 451 U. S. 430 (101 SC 1852, 68 LE2d 270) (1981). Unlike *Cross* and *Couch*, the verdict here was not a mere nullity, and Page's assertion that the verdict was void in its entirety was resolved adversely to him in our previous decision. We also reaffirm our holding there that "since the evidence is 'amply sufficient to warrant capital punishment . . . , the state is not prohibited from seeking anew the death penalty.' " *Page v. State*, supra at p. 194; *Crawford v. State*, 256 Ga. 57, 58 (344 SE2d 215) (1986). The trial court properly rejected the plea of former jeopardy.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 7, 1987 —<br>RECONSIDERATION DENIED OCTOBER 28, 1987.

*Walter B. Harvey, Janet Gail Hearn,* for appellant.

*Timothy G. Madison, District Attorney, Deborah L. Wilbanks, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.