appellee.

### 44793. MORGAN v. THE STATE.
(361 SE2d 793)

HUNT, Justice.

Alphonso Morgan was convicted of murder and sentenced to death. His conviction and sentence were affirmed on direct appeal to this court in *Morgan v. State*, 241 Ga. 485 (246 SE2d 198) (1978), but the death sentence was reversed on technical grounds in *Morgan v. Zant*, 743 F2d 775 (11th Cir. 1984). Morgan filed motions to prohibit evidence of certain aggravating circumstances during the re-trial of the sentencing phase of his case, claiming the evidence was barred on double jeopardy and collateral estoppel grounds. The trial court denied his motions and Morgan appeals. We affirm.

1. The defendant contends the state is barred from introducing evidence at the resentencing phase of his trial pertaining to crimes for which he cannot be tried under OCGA § 17-7-170 (the statute which implements the constitutional provisions for a speedy trial). The defendant argues that this evidence is barred on collateral estoppel and double jeopardy grounds. We disagree.

The defendant argues that because under OCGA § 17-7-170 (b) he stands acquitted for the crimes at issue, evidence of those crimes is barred on collateral estoppel grounds. However, collateral estoppel applies in a subsequent criminal prosecution where the fact which the defendant seeks to exclude necessarily was determined in his favor in the prior proceeding. *United States v. Boldin*, 818 F2d 771, 775 (11th Cir. 1987); *Ashe v. Swenson*, 397 U. S. 436 (90 SC 1189, 1194, 25 LE2d 469) (1970). The automatic acquittal under OCGA § 17-7-170 (b) does not bar the evidence in question on collateral estoppel grounds. Nor is the evidence in question barred on the ground of double jeopardy, because the defendant is not being tried for those prior crimes. *Poland v. Arizona*, ___ U. S. ___ (106 SC 1749, 1755, 95 LE2d 123) (1986); *Zant v. Redd*, 249 Ga. 211 (290 SE2d 36) (1982).

2. In the first trial, the jury's recommendation of the death penalty was based on a finding of aggravating circumstances under OCGA § 17-10-30 (b) (7) only, although the state sought the death penalty under OCGA § 17-10-30 (b) (2), as well. The defendant argues that he was thus acquitted of grounds under OCGA § 17-10-30 (b) (2). Hence, he argues, permitting the state to again utilize the latter code section would amount to double jeopardy. However, this argument has been decided adversely to the defendant by the United States Supreme Court in *Poland v. Arizona*, supra, as well as by this court in *Zant v. Redd*, supra. See also *Page v. State*, 257 Ga. 538 (361

SE2d 153) (1987); *Godfrey v. State*, 248 Ga. 616, 618 (284 SE2d 422) (1981).

It is uncontroverted that the jury found an aggravating circumstance and returned a verdict in favor of the death penalty. Furthermore, the evidence amply supports that verdict. Therefore, the state is not prohibited from again seeking the death penalty on OCGA § 17-10-30 (b) (2) grounds and may introduce evidence of aggravating circumstances in support of that ground including those which were presented to the first jury. *Crawford v. State*, 256 Ga. 57 (2) (344 SE2d 215) (1986); *Zant v. Redd*, supra at 214.

The trial court properly denied the defendant's motions.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 22, 1987 —
RECONSIDERATION DENIED NOVEMBER 19, 1987.

*John Paul Batson, Palmer Singleton*, for appellant.

*Sam B. Sibley, Jr.*, District Attorney, *Charles R. Sheppard* Assistant District Attorney, *Michael J. Bowers*, Attorney General, for appellee.

