## 45321. RAMSEY v. THE STATE.
(366 SE2d 286)

CLARKE, Presiding Justice.

Appellant was convicted of first degree vehicular homicide, driving under the influence of alcohol, operating a motor vehicle without insurance, and speeding. The court refused to give his requested charge as to second degree vehicular homicide. After consideration of *Hayles v. State*, 180 Ga. App. 860 (350 SE2d 793) (1986), the trial court decided that it had erred in failing to give the requested charge and granted appellant's motion for new trial.

Appellant filed a Plea of Multiple Prosecution claiming that a second trial exposed him to multiple prosecutions and placed him in double jeopardy under OCGA §§ 16-1-7; 16-1-8 (b). The court denied the plea. Appellant's motion for reconsideration was denied. The court found that the evidence strongly supported the verdict and that its granting of a new trial solely on the ground of failure to give a requested charge did not expose appellant to multiple prosecutions or double jeopardy. We agree. The granting of a new trial in the absence of a finding of not guilty or a finding of insufficiency of evidence does not ordinarily expose a defendant to double jeopardy or multiple prosecutions. *Benford v. State*, 164 Ga. App. 733 (298 SE2d 39) (1982). Cf. *Patrick v. State*, 249 Ga. 708 (293 SE2d 329) (1982), U. S.

cert. denied 459 U. S. 1089.

Appellant's argument that he was denied due process because of the absence of a hearing on prosecutorial misconduct is without merit. There was no mistrial in this case, which in fact resulted in a verdict of guilty of all charges. The court's granting a new trial on the ground of the court's failure to charge upon defendant's written request could not have been the result of error induced by the prosecution.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1988.

*Barry V. Smith,* for appellant.
*Stephen F. Lanier, District Attorney, Harold Chambers, Jr., Assistant District Attorney,* for appellee.