## 45596. CASH v. THE STATE.
(368 SE2d 756)

MARSHALL, Chief Justice.

The appellant, William Cullen Cash, was convicted of burglary and murder. The victim was his wife, Rebecca Cash. The two of them were living in a bona fide state of separation at the time of the murder, and the appellant's burglary conviction was based on the allegation in the indictment that the appellant entered into the victim's dwelling with the intent to commit the offense of murder therein. The state sought imposition of the death penalty under OCGA § 17-10-30 (b) (2), on the ground that the murder was committed while the offender was engaged in the commission of burglary. Although the jury found in its verdict that the appellant had unlawfully entered the victim's dwelling with the intent to commit the felony of murder therein, the jury did not impose the death penalty. Consequently, the appellant was sentenced to life imprisonment for the murder conviction, and he was given a concurrent 20-year sentence for the burglary conviction.

In his direct appeal to this Court, the appellant's enumerations of error present issues concerning whether, under the substantive double-jeopardy law of this state, either murder or burglary is a lesser included offense within the other. Also presented for decision is a question as to whether, under the current statutory law of this state, there is continued viability to earlier rules with regard to the offense of voluntary manslaughter, which rules were enunciated in early state-appellate-court decisions but which are not now contained in

the Official Code of Georgia. For reasons which follow, we conclude that the appellant's enumerations of error are without merit, and consequently affirm.

The evidence in this case showed that within a 2-year period, beginning in 1985, the appellant and the victim had been married, divorced, and remarried. At the time of the crimes, they were living in a bona fide state of separation. The victim had filed a divorce complaint against the appellant, as well as a warrant charging him with criminal trespass for unauthorized entry onto her property.

The appellant had harassed the victim and a male friend of hers named A. W. Lindsey, and he had threatened to kill both of them — the threat with regard to the victim having been made on the day of the murder by the appellant to a co-employee in the course of the appellant's requesting permission to leave work because of his being in an emotionally upset state as a result of his domestic problems with the victim. On the day of the murder, the appellant purchased a revolver and ammunition; the victim was killed by one gunshot, which was traced to the appellant's gun.

The appellant gave a pretrial statement to law-enforcement authorities, and he testified at trial, to the effect that on the night in question, he and the victim "had a little romance," and when he began to leave, they got into a fight because the victim threatened to charge the appellant with rape. According to the appellant, it was during the course of this fight that the gun discharged accidentally. However, forensic testimony presented by the state showed that the weapon would have had to have been at a distance greater than four feet from the victim when the weapon was discharged.[1]

1. In his first and fourth enumerations of error, the appellant argues that since, in this case, the murder is the burglary conviction's predicate offense, the burglary conviction merges into the murder conviction, as a matter of substantive double-jeopardy law. On this basis, the appellant further contends that the § (b) (2) statutory aggravating circumstance, based on the commission of the murder while the appellant was engaged in the commission of the burglary, is not sustainable. As authority, the appellant cites *Pryor v. State*, 238 Ga. 698, 700-703 (234 SE2d 918) (1977). For reasons which follow, we conclude that these enumerations are without merit.

It is true that *Pryor* does apply a strict "actual evidence" substantive double-jeopardy test in regard to the utilization of aggravat-

---

[1] The crimes occurred on June 3, 1987, and the appellant was indicted on August 17, 1987. The appellant was convicted and sentence was imposed on January 6, 1988. The transcript was certified by the court reporter on March 1, 1988. No motion for new trial was filed by the appellant. The appellant's notice of appeal was filed on February 1, 1988. The appeal was docketed in this Court on April 6, 1988, and the case was orally argued on May 10, 1988.

ing circumstances in death-penalty cases, so as to prohibit imposition of the death penalty for murder where the aggravating circumstance is the commission of murder while the offender was engaged in the commission of kidnapping with bodily injury, and a single act on the part of the defendant constituted both the killing of the victim and the infliction of the bodily-injury element of the kidnapping-with-bodily-injury charge.

However, the rationale of *Pryor* was disapproved in *Zant v. Redd*, 249 Ga. 211 (2) (290 SE2d 36) (1982), aff'd sub nom. *Lowenfield v. Phelps*, ___ U. S. ___ (108 SC 546, ___ LE2d ___) (1988), wherein it was held that statutory aggravating circumstances are not offenses for double-jeopardy purposes, but rather are

> procedural standards designed to control a jury's discretion in capital cases in order to ensure against capricious and arbitrary enforcement of the death penalty. See, *Gregg v. Georgia*, 428 U. S. 153, 197-98 (96 SC 2909, 49 LE2d 859) (1976), reh. den., 429 U. S. 875 (1976). Aggravating circumstances are not substantive "penalties" or "offenses" . . . .

249 Ga. at 213-214. Thus, it was held in *Redd* that the imposition of the death penalty for a murder occurring during the commission of a burglary is not rendered constitutionally infirm by reason of the fact that the murder is the burglary conviction's predicate offense. *Ford v. State*, 257 Ga. 461 (1) (360 SE2d 258) (1987); *Horton v. State*, 249 Ga. 871 (11) (295 SE2d 281) (1982).

In any event, for substantive double-jeopardy purposes, neither a burglary conviction nor a murder conviction is a lesser included offense within the other "since proof of additional elements must necessarily be shown to establish each crime. See *Oglesby v. State*, [243 Ga. 690 (2) (256 SE2d 371) (1979)]." *Williams v. State*, 250 Ga. 553, 562, n. 9 (300 SE2d 301) (1983). Accord *Alvin v. State*, 253 Ga. 740 (1) (325 SE2d 143) (1985).

Further, since the appellant was not given the death penalty, the trial court's refusal to prohibit the state from seeking the death penalty, and all issues with respect thereto, have become moot. *Anderson v. State*, 245 Ga. 619 (3) (266 SE2d 221) (1980).

2. There is no merit in the second and third enumerations of error, in which the appellant argues that there is insufficient evidence to support the burglary and murder convictions. See generally *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. In his fifth and final enumeration of error, the appellant complains of an excerpt from the trial court's jury charge with regard to the offense of voluntary manslaughter.

In pertinent part, the trial court instructed the jury that:

in all cases of voluntary manslaughter there must be some actual assault upon the person killing or an attempt by the person killed to commit a serious personal injury on the person killing or other equivalent circumstances to justify the excitement of passion and to exclude all idea of deliberation or malice either express or implied.

The appellant's complaint is that although the requirements concerning an actual assault upon the defendant, or an attempt on the part of the victim to commit a serious personal injury on the defendant, were contained in § 26-1007 of the 1933 Code of Georgia, these propositions of law were not adopted in the enactment of the Criminal Code of Georgia of 1968, as currently codified at OCGA § 16-5-2.

The state argues that, notwithstanding the General Assembly's failure to codify the subject legal propositions, they nonetheless remain a part of Georgia's law with regard to the offense of voluntary manslaughter.

As authority, the state cites *Brooks v. State*, 249 Ga. 583 (292 SE2d 694) (1982). Citing *Aguilar v. State*, 240 Ga. 830 (4) (242 SE2d 620) (1978), this Court in *Brooks* held that although the statutory law of Georgia no longer contained the proposition that provocation by words, threats, menaces or contemptuous gestures is insufficient provocation to reduce a homicide from murder to voluntary manslaughter, the proposition nonetheless remained a part of Georgia's law of voluntary manslaughter.

Having so held, this Court in *Brooks*, as well as *Strickland v. State*, 257 Ga. 230 (2) (357 SE2d 85) (1987), further held that where one spouse taunts the other spouse with prior acts of adultery, that is sufficient provocation to reduce a homicide from murder to voluntary manslaughter. The underlying rationale for this holding in *Brooks* and *Strickland* is that it is the adulterous conduct, and not the provocative nature of the words themselves, which engender the sudden violent and irresistible passion upon which the voluntary-manslaughter offense is predicated.

Here, immediately prior to giving the portion of the voluntary-manslaughter charge complained of on appeal, the trial judge instructed the jury that adulterous conduct of a spouse may be that serious provocation sufficient to excite a sudden violent and irresistible passion which will make the killing voluntary manslaughter rather than murder.

In view of this, we hold that under the voluntary-manslaughter charge here, when viewed as a whole, the only interpretation a reasonable juror could place thereon would be that circumstances "equivalent" to an "actual assault" or "an attempt to commit a serious personal injury" can be constituted by words spoken by the de-

ceased's spouse to the spouse committing the homicide, in which the spouse committing the homicide has been taunted with statements concerning the other spouse's adulterous conduct.

However, we do agree that, as a general rule, the better practice on the part of a trial court, under today's law of voluntary manslaughter, is not to give that portion of the voluntary-manslaughter charge complained of in this case. Nonetheless, we do agree that the charge here was adjusted to the evidence and, when viewed in its entirety, does not constitute reversible error herein.

*Judgment affirmed. All the Justices concur, except Bell and Hunt, JJ., who concur in the judgment only as to Division 3.*

DECIDED JUNE 14, 1988 —
RECONSIDERATION DENIED JUNE 30, 1988 AND JULY 29, 1988.

*Groover & Childs, Denmark Groover, Jr.,* for appellant.

*Joseph H. Briley, District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General,* for appellee.