## 36654. GORE v. THE STATE.

NICHOLS, Justice.

Charles D. Gore appeals his convictions for felony murder and escape, for which he received, respectively, sentences of life imprisonment and five years. He was acquitted of malice murder. The state did not seek the death penalty.

The jury heard evidence authorizing the following to be found as facts beyond a reasonable doubt: Gore was an inmate of the Lee Correctional Institution, Leesburg, Georgia. A group of inmates, including Gore, planned to escape while on a work detail. At lunch time, while away from the institution on the work detail, one of the inmates, Issac Graham, approached the armed guard, Correctional Officer Frank Temples, who was sitting in a chair, on the ruse of

offering him some water. Graham threw the water in Temples' face, jumped on Temples and pinned Temples to the ground with Temples' shotgun while another inmate, Tony Posey, got Temples' pistol. The pistol was passed between several inmates, including Gore, to Graham, who placed the barrel against Temples' forehead and fired the death shot while Temples was begging for his life. When the prison vehicle would not start, Graham and Gore ran down the road and escaped. Gore was apprehended approximately seven years later in Detroit, Michigan. This evidence supports the verdict under the current legal standard. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Hardy v. State,* 245 Ga. 272, 280 (264 SE2d 209) (1980); *Whitaker v. State,* 246 Ga. 163, 168 (269 SE2d 436) (1980).

1. There is no merit in Gore's contention that two photographs of Temples' head illustrating the damage done by the bullet should have been excluded because the defense stipulated the cause of death. *Stevens v. State,* 242 Ga. 34 (5) (247 SE2d 838) (1978); *Moses v. State,* 245 Ga. 180, 187 (6) (263 SE2d 916) (1980).

2. There is no merit in Gore's contention that count one of the indictment, malice murder, should not have been submitted to the jury. The jury heard evidence authorizing a finding that Gore was a party to malice murder but returned a verdict of not guilty on this count. No error has been illustrated in this regard.

3. After the court's charge, one of the jurors asked the court, in essence, the law pertaining to an inmate who knows that an escape has been planned but who does not report it and does not take part in it. Gore had testified that he did not participate in the planning of the escape, although all the testimony, including his own, was that he had fled after the armed guard had been killed. In response to the question, the trial court recharged on conspiring to escape from lawful custody, then answered the juror's question directly by charging, "A person would have to participate in the conspiracy." There is no merit in Gore's assertion that the court merely should have answered the juror's question without recharging on conspiracy.

4. "The conviction for the offense of escape must be set aside as it merged into the greater crime of felony murder." *Young v. State,* 238 Ga. 548, 550 (233 SE2d 750) (1977).

5. Gore's conviction for felony murder is affirmed. His conviction for escape is reversed.

*Judgment affirmed in part; reversed in part. All the Justices concur.*

SUBMITTED SEPTEMBER 12, 1980 — DECIDED OCTOBER 22, 1980.

*Clayton Jones, Jr.,* for appellant.
*William S. Lee, District Attorney, J. Brown Moseley, Assistant District Attorney, Arthur K. Bolton, Attorney General, W. Davis Hewitt, Assistant Attorney General,* for appellee.