42004. LARISCEY v. THE STATE.

(328 SE2d 213)

WELTNER, Justice.

Jason Lariscey shot and killed J. D. Murphy with a handgun. He

appeals his conviction and sentence of life imprisonment.[1]

1. Lariscey contends that the trial court erred in admitting the results of a ballistics test conducted in connection with the case, because the report had not been provided to him ten days prior to trial as required by OCGA § 17-7-211.

Lariscey filed a motion for discovery and a motion for discloure of all evidence favorable to defendant. In both motions, he requested "the results or reports of any scientific tests or experiments or studies made in connection with this case." At no time did he identify the statute under which he was making the request.

At trial, the court ruled that Lariscey had failed to make a proper request under OCGA § 17-7-211, and therefore the prosecution had no duty to produce. Lariscey then made a proper demand and the reports of the tests were provided to him. Lariscey did not request a continuance to review the files. The reports were admitted the following day.

We have held on several occasions that a *Brady* motion or a motion to produce is not sufficient demand under OCGA § 17-7-211. "The information concerning [the ballistics tests] was not discoverable under the appellant's Brady motion, since it was not exculpatory. E.g., *State v. Madigan*, 249 Ga. 571 (2) (292 SE2d 406) (1982). However, the appellant also filed a pretrial motion demanding a copy of any written scientific reports in the possession of the prosecution and to be introduced against the appellant; but, this motion neither referred to [OCGA § 17-7-211] (which is the statutory authority for the motion), nor requested that the scientific reports be produced 10 days prior to trial. Therefore, this pleading did not constitute a valid request for discovery under [§ 17-7-211]. *State v. Meminger*, 249 Ga. 561 (1) (292 SE2d 681) (1982)." *Carter v. State*, 252 Ga. 502, 508 (315 SE2d 646) (1984). This enumeration is thus without merit.

2. In his second and fourth enumerations of error, Lariscey alleges that the trial court failed to make a proper *in camera* inspection of the state's files as required by *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963).

The trial court reviewed the state's files and concluded there was nothing exculpatory in the files, but entered an order which stated "that all information and evidence in the possession of the prosecution or the State that may be materially favorable to the accused, which may lead to evidence which is materially favorable to the de-

---

[1] The murder was committed on July 9, 1982. He was convicted on July 20, 1983. He filed a motion for new trial on August 16, 1983, which was overruled on December 18, 1984. He filed a notice of appeal on January 10, 1985. The transcript was filed in the superior court on April 19, 1984 and docketed in this court on January 29, 1985. The case was submitted on March 15, 1985.

fendant either of a direct or impeaching nature, be afforded to defendant as delineated by the court."

One of the state's witnesses had a lengthy criminal record. "Brady does not impose an affirmative obligation on the prosecution to seek out information for the defense, even if such information is more accessible to the prosecution than to the defense." *Hines v. State*, 249 Ga. 257, 258 (290 SE2d 911) (1982). Lariscey has failed to show that any impeaching evidence was actually in the state's files. Furthermore, the witness was questioned by both the prosecution and defense about past and pending criminal activity. The withholding of the information, if indeed it was available, did not "so impair his defense that he was denied a fair trial within the meaning of the Brady Rule." *Wallin v. State*, 248 Ga. 29, 33 (279 SE2d 687) (1981). Thus, there was no error.

3. Lariscey alleges that the trial court should have conducted an *in camera* inspection of the two investigating officers' files in addition to the files of the district attorney.

The record does not reflect that a demand for such an inspection was ever made by Lariscey. Even so, the two officers were cross-examined extensively by the defense, and were asked specifically about the alleged exculpatory evidence contained in the file. Lariscey has "failed to meet [his] burden of showing that [he] was denied beneficial evidence which was so important that its absence prevented [him] receiving a fair trial, and materially prejudiced [his] case." *Rose v. State*, 249 Ga. 628, 629 (292 SE2d 678) (1982).

4. Lariscey contends that the prosecution failed to make a timely disclosure of a promise of leniency given to a state's witness.

The witness testified that Lariscey admitted guilt to him; that he (the witness) was under indictment in three counties; and that he was *not* testifying in exchange for leniency on those charges. At the conclusion of his testimony, the district attorney stated that as a result of plea negotiations, the witness had testified at Lariscey's trial and pleaded guilty to the charges in return for a recommendation by the state of a sentence which would include three years in prison to be followed by probation.

Because the prosecution revealed the nature and specifics of the transaction with the witness, and because Lariscey was able to cross-examine the witness as to his participation in the transaction, the jury was informed properly of the possible bias of the witness. See *Giglio v. United States*, 405 U. S. 150 (92 SC 763, 31 LE2d 104) (1972). This enumeration is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 2, 1985.

*Paul W. Calhoun, Jr.,* for appellant.
*Richard A. Malone, District Attorney, Michael J. Bowers, Attorney General, J. Michael Davis,* for appellee.