## 42762. PAGE v. THE STATE.
### (345 SE2d 600)

SMITH, Justice.

Appellant, Jerry Homer Page, was convicted by a jury in Jackson County of two counts of murder and one count of aggravated battery. He was sentenced to death on one murder count. The case is here on direct appeal, for review under the Unified Appeal Procedure, as amended, 252 Ga. A-13 et seq., and for the review of the death sentence required by OCGA § 17-10-35.[1] For reasons which follow, we affirm the convictions, but set aside the death sentence.

Appellant and his wife were in the process of getting a divorce. After a temporary hearing in which Henrietta Page was awarded custody of their two children, she left in an automobile driven by her nephew Terry Howard, accompanied by the two children and her sister Dorothy Ann Howard.

Outside of town, Terry pulled into a driveway to turn around after missing a turn. Appellant, who had followed them out of town, pulled in behind them, blocking them in, and demanded that Henrietta return his children. When she refused, appellant shot her in the head. He also shot Dorothy and Terry Howard, and then fled the scene, leaving the two small children in the car with their fatally wounded mother.

Although his jaw was fractured, Terry managed to drive to a convenience store for help. The two women died.

The evidence, which is essentially undisputed, supports the conviction on two counts of murder and one count of aggravated battery. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

1. In his eighth enumeration, appellant argues that the trial court failed to instruct the jury that the state had the burden to prove criminal intent beyond a reasonable doubt. We find no error. Although the court did not charge the language of OCGA § 16-2-1 that "[a] 'crime' is a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence," the court instructed the jury that "[t]he burden of proof is on the state to prove each element of the crime . . . beyond a reasonable doubt," and instructed the jury fully on the essential elements of the crimes charged. See *Redd v. State,* 141 Ga. App. 888 (4) (234 SE2d 812) (1977).

2. Contrary to appellant's 9th enumeration, the court did not

---

[1] The jury returned its verdict as to sentence on April 13, 1983. Page filed a motion for new trial the next day, and filed an amendment thereto on November 21, 1984. The motion was heard December 14, 1984, and denied January 25, 1985. A notice of appeal was filed February 15, 1985, and the case was docketed in this court October 9, 1985. Oral arguments were heard January 13, 1986.

commit reversible error by charging the language of OCGA § 16-5-1 (b). *Lamb v. Jernigan*, 683 F2d 1332, 1340 (11th Cir. 1982). However, we note that the present Pattern Jury Instructions suggest charging that "malice *may* be implied . . ." rather than the statutory language that "malice *shall* be implied . . ." (Emphasis supplied.) See also *Welch v. State*, 254 Ga. 603 (5) (331 SE2d 573) (1985).

3. Regarding enumeration 10, we find no error in the denial of appellant's motion to change venue, inasmuch as no juror was excused for bias, prejudice, or prior opinion. See *Devier v. State*, 253 Ga. 604 (4) (323 SE2d 150) (1984).

4. In his 11th enumeration, appellant complains of the denial of sequestered voir dire. We find no abuse of discretion. *Sanborn v. State*, 251 Ga. 169 (3) (304 SE2d 377) (1983).

5. In his 16th and 20th enumerations, appellant complains that attorney Wendy Glassbrenner erroneously was allowed to testify about statements made to her by appellant's wife, over appellant's objection.

Appellant first objected to Glassbrenner's testimony on hearsay grounds as she began to testify about her initial consultation with Mrs. Page. This objection was sustained, and the examination proceeded as follows:

"Q. Don't go into the hearsay that she gave you, but as a result of this initial interview and consultation with Mrs. Henrietta Page, what did you do then, Ms. Glassbrenner?

"A. As a result of my conversation with Mrs. Page, I determined that she needed some immediate relief in order to protect her physical safety as well as her children.

"[Appellant]: If Your Honor please, the witness is not being responsive to the question. The question was: 'What did she do?' Not what she thought.

"[The State]: All right, Your Honor, she was testifying as to her course of conduct, after obtaining the initial interview with Henrietta Page.

"The Court: Ladies and gentlemen, certain evidence is allowed to explain conduct of a witness, and for that purpose only; and I'm allowing this testimony to explain her conduct, and for that reason only."

Appellant's hearsay objection was sustained. Afterwards, the witness, in effect, testified that she had a conversation and that as a result of that conversation she made a determination regarding her future course of conduct. Since the contents of the conversation were not revealed, no hearsay was elicited.

The only other objection interposed to this line of questioning was that the answer was unresponsive. "The mere fact that the answer is unresponsive is not an objection available to the opponent.

[Cits.] The objection is only available to the questioner, who may move to strike. [Cit.]" McCormick on Evidence, § 52, p. 113 (fn. 26) (2nd ed. 1972). The court did not err by allowing the testimony over the objection that the answer was unresponsive.

6. In his 14th, 17th, 18th and 19th enumerations, appellant complains of the state's failure to disclose certain matters.

(a) *Brady v. Maryland*, 373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963), was not violated by the state's failure to disclose the report of "Dr. Terry," since the record discloses no such person. If appellant is referring to a report by Dr. Satterfield concerning his examination and treatment of Terry Howard, appellant has not shown that there was such a report, or if there was, that it contained anything exculpatory. See *Lariscey v. State*, 254 Ga. 241 (1) (328 SE2d 213) (1985).

(b) We find no merit to the contention that the state erred by refusing to disclose prior convictions of any state's witnesses, inasmuch as appellant has not shown that such convictions existed. See also *Lariscey v. State*, supra at 243.

(c) Nor do we find any error in the state's failure to disclose "all items seized from defendant at the time of his arrest." The state contends that it furnished the defense with "a copy of the GBI report . . ., scientific reports and everything that was in the state's file that would be relevant at all." The trial court conducted an in-camera inspection of the state's file and found nothing exculpatory, and appellant, despite having been present at the scene of his arrest, has not suggested what items were seized from him or how they might have been exculpatory.

(d) Nor did the state violate *Brady* by refusing to disclose all statements made by appellant at the time of his arrest, since, apparently, appellant did not make any statements.

7. Prior to trial, the state filed a document entitled "Notice of Intent to Seek Death Penalty," stating that the district attorney "files this his notice" to seek a death sentence based upon the § (b) (2) aggravating circumstance. See OCGA § 17-10-30 (b) (2).

Our Code provides that the "statutory instructions as determined by the trial judge to be warranted by the evidence shall be given in charge and in writing for [the jury's] deliberation." OCGA § 17-10-30 (c). In this case, the trial judge provided the jury with a copy of the state's notice of intent to seek the death penalty, accompanied by oral instructions that the law requires the trial judge to "include in his instructions to the jury for it to consider . . . any . . . statutory aggravating circumstances which may be supported by the evidence."

The jury came back with a verdict quoting verbatim the state's notice of intent to seek the death penalty, so that the verdict reads as follows: "We find the following statutory aggravating circumstances: Notice of Intent to Seek Death Penalty Comes now the District At-

torney and files this his notice to seek the death penalty pursuant to O.C.G.A. 17-10-30 and will show the following circumstances: In that the murder was committed while the offender was engaged in the commission of another Capital felony to wit: Murder or Aggravated battery upon another victim."

In a case in which a death sentence is imposed, the jury is required to set forth in writing the statutory aggravating circumstances which it has found beyond a reasonable doubt. OCGA § 17-10-30 (c). This written finding must show the jury's intent "with sufficient clarity that this court can rationally review the jury's findings." *Romine v. State*, 251 Ga. 208, 213 (305 SE2d 93) (1983). For several reasons, we are constrained to find that the verdict in this case does not meet this standard.

First, that the district attorney has filed a notice of intent to seek a death sentence is not a statutory aggravating circumstance, and we are reluctant to speculate that the jury may have understood that such notice is not aggravating when the jury listed the notice on the verdict form in the place reserved for the jury's finding of statutory aggravating circumstances.

Second, it is not clear from the form of the verdict, viewed in light of the court's instructions, that the jury fully understood that it was to determine for itself whether or not statutory aggravating circumstances existed.

Finally, the jury's disjunctively stated finding of "murder *or* aggravated battery" is not a clear finding of either. Cf. *Haley v. State*, 124 Ga. 216, 217 (52 SE 159) (1905) ("Where an offense can be committed in more than one way, it is not good pleading to charge it as having been committed in one method or the other, in the alternative.") Compare *Henderson v. State*, 113 Ga. 1148 (39 SE 446) (1901).

We do not feel at liberty to speculate about what the jury might have meant by returning such an unusual verdict. Compare *Godfrey v. Georgia*, 446 U. S. 420 (100 SC 1759, 64 LE2d 398) (1980). The verdict as it stands is not a proper finding of the § (b) (2) aggravating circumstance, and the sentence of death imposed in this case must be reversed. However, since the evidence is "amply sufficient to warrant capital punishment . . ., the state is not prohibited from seeking anew the death penalty." *Crawford v. State*, 256 Ga. 57, 58 (344 SE2d 215) (1986).

8. The remaining enumerations of error, which relate only to the imposition of the death penalty, need not be addressed. The convictions are affirmed. The death sentence is reversed.

*Judgment affirmed in part, reversed in part. All the Justices concur, except Weltner, J., who dissents as to the reversal of the death sentence.*

WELTNER, Justice, dissenting.

I dissent as to Division 7 and to the reversal of the death penalty.

By its verdict, the jury found Page guilty of the murder of Henrietta Page, guilty of the murder of Dorothy Ann Howard, and guilty of aggravated battery upon Terry Howard. The same jury then imposed the death penalty, finding that the murder of Dorothy Ann Howard had been committed "while the offender was engaged in the commission of another Capital felony to wit: Murder or Aggravated battery upon another victim."

Page shot three people. Because one of them did not die, his crime against Terry Howard was aggravated battery. The commission of either one of the other two crimes of which he was convicted (the murder of Henrietta Page and the aggravated battery upon Terry Howard) would warrant the imposition of the death penalty under OCGA § 17-10-30 (b) (2).

Mere inartfulness of the jury's sentencing verdict should not entitle Page to retrial. There can be no doubt that the jury found, in its second verdict, exactly the same things which it found in its first verdict — murder and aggravated battery.

DECIDED JULY 16, 1986 —
RECONSIDERATION DENIED JULY 30, 1986.

*Jerry C. Gray,* for appellant.

*Timothy G. Madison, District Attorney, T. David Motes, Assistant District Attorney, Michael J. Bowers, Attorney General, Eddie Snelling, Jr., Assistant Attorney General,* for appellee.