### 75396. MULLIS v. THE STATE.
(362 SE2d 90)

DEEN, Presiding Judge.

Larry Wayne Mullis appeals from his conviction of child molestation following the denial of his motion for a new trial.

1. Mullis contends that the trial court erred in allowing the parents of the eleven-year-old victim to remain in the courtroom during her testimony after the rule of sequestration had been invoked.

The transcript indicates that the district attorney informed the court that the victim had requested that her parents be present while she testified. He further stated that he had them under subpoena, but did not intend to call them at any point in his case-in-chief. Defense counsel stated that he also had them under subpoena. The court held that it was exercising its discretion and would permit them to remain in the courtroom for that limited purpose.

An examination of the transcript shows that the state did not call them as witnesses and that the defense called both of them. The mother was examined by the defense only as to a conversation that she had with her mother-in-law, the defendant's mother, which had no bearing upon her daughter's testimony. On cross-examination by the state she responded in the negative when she was asked if her daughter had told her anything different from what she told the police officers. She was also questioned about family problems that had arisen since her daughter claimed that her uncle had molested her. On redirect, the mother admitted that she was present when the child admitted to her father that she had lied about part of it. This aspect of her testimony was further developed on cross-examination.

The victim's father also appeared as a defense witness and counsel questioned him extensively about interviewing the victim in his presence and asked him to verify his daughter's statements which he either confirmed or stated that he could not remember. On cross-examination, he was asked if the victim had changed her story when she

talked to the district attorney's office and defense counsel. He testified that she had not. The testimony of the parents did not bolster the victim's trial testimony.

Under OCGA § 24-9-61, either party has the right to have the witnesses sequestered. Certain exceptions to this rule, such as the necessity of having the witness present in the courtroom for the orderly presentation of the case, are permitted within the sound discretion of the trial judge. *Blalock v. State*, 250 Ga. 441 (298 SE2d 447) (1983); *Ryles v. State*, 177 Ga. App. 537 (339 SE2d 792) (1986). In criminal cases, violation of the rule of sequestration by any witness for either side goes only to the credibility of the witness rather than admissibility of the witness' testimony. *Blanchard v. State*, 247 Ga. 415 (276 SE2d 593) (1981); *Creech v. State*, 171 Ga. App. 217 (319 SE2d 76) (1984). See also *Jordan v. State*, 247 Ga. 328, 347 (276 SE2d 224) (1981). "Violation of the sequestration rule did not affect admissibility of the testimony. [Counsel's] recourse was to seek instructions from the court informing the jury that the presence of the witness in the courtroom in violation of the rule should be considered in determining the weight and credit to be given to the testimony of the witness. [Cits.]" *Wright v. State*, 246 Ga. 53 (268 SE2d 645) (1980). As no such instructions were sought in the instant case, and the witnesses who appeared on behalf of the defense did not bolster the victim's testimony, this enumeration is without merit.

2. Appellant next asserts as error the trial court's refusal to permit his attorney to testify on his behalf and subsequently agreeing to allow his attorney to testify on the condition that he first place all his other witnesses on the stand. The transcript shows that Mr. Ramsey, the attorney, did not testify.

OCGA § 24-9-25 does not permit an attorney to be compelled to testify for or against his client as to any matter of which he may have acquired knowledge by virtue of his employment as the party's attorney or prospective attorney. He or she is, however, competent and compellable to testify for or against the client as to information that may have been acquired in another manner.

The transcript shows that the court was concerned with the ethical considerations found in the State Bar Rules which are presented when an attorney testifies on behalf of his client and conducts the trial. See DR 5-102, EC 5-9. The court, however, stated that if he was dissatisfied with the victim's testimony and wanted to impeach her testimony or that of her father, it would be permitted. Counsel acquiesced by stating, "Knowing what her testimony would be, Judge, . . . I'll just leave it as it is." As counsel expressly waived his right to testify, we find this enumeration to be without merit.

*Judgment affirmed. Birdsong, C. J., and Pope, J., concur.*

DECIDED OCTOBER 1, 1987 —
REHEARING DENIED OCTOBER 15, 1987.

John E. Pirkle, for appellant.
Glenn Thomas, Jr., District Attorney, John B. Johnson III, Assistant District Attorney, for appellee.