## S91A0154. NULL v. THE STATE.
### (402 SE2d 721)

HUNT, Justice.

Billy Joe Null was tried and convicted in Gwinnett County for the murder, armed robbery, and kidnapping with bodily injury of Thomas Patrick Gale. He was given three life sentences, two consecutive and one concurrent to the second life sentence.[1]

Evidence was introduced at the defendant's trial tending to show that the defendant and his co-defendant, Billy Adams, schemed to rob the victim, allegedly a dealer in cocaine, of jewelry, drugs and money. The defendants brought the victim to Adams' apartment on the pretense of selling him jewelry, where they confronted him with a machine gun. They tied him up and robbed him of jewelry and about $600 in cash, and loaded him into the defendant's van, where the defendant knocked him unconscious with a barbell. After dumping the victim, bound and gagged, a few feet off a highway, the defendant shot him in the head at close range with a shotgun, and kicked his body off the embankment. Blood, DNA, and fiber evidence found in the defendant's van matched samples gathered from the victim's body during the criminal investigation. The defendants pawned the jewelry and tried to clean up the van by repainting it and removing a blood-soaked piece of carpet.

After Adams was arrested on another murder and armed robbery charge, he agreed to testify against the defendant in exchange for the state dropping the murder charge and allowing him to plead guilty to the other crimes involved in this case.

---

[1] The killing occurred on September 6, 1989, and the defendant was indicted January 23, 1990. He was convicted on May 31, and filed his motion for new trial on June 7. The court reporter certified the transcript on July 12. The defendant amended his motion on August 14, 1990, and it was denied on September 21. He filed his notice of appeal on October 2, the case was docketed here on October 31, and submitted for decision on December 14, 1990.

1. Having reviewed the evidence in the light most favorable to the jury's determination, we conclude that a rational trier of fact could have found the defendant guilty of murder, armed robbery, and kidnapping with bodily injury beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crawford v. State*, 245 Ga. 89, 90 (263 SE2d 131) (1980).

2. The defendant urges the trial court committed harmful error in recharging the jury on parties to a crime after the jury requested a recharge on accomplices.

The jury foreman indicated to the court the jury wanted to "look for little tiny points" concerning "the part about the accomplice." The trial court responded, "You're not talking about parties to a crime?" and the foreman replied, "That's it." With two admonishments by the trial court that the recharge was not to be emphasized over the whole charge, the trial court repeated its earlier charge on parties to a crime. The foreman expressed his satisfaction with the recharge and the jury retired.

While the defendant recognizes the trial court must recharge the jury as specifically requested, *Edwards v. State*, 233 Ga. 625, 626 (212 SE2d 802) (1975), he argues the trial court, in effect, directed a verdict of guilty when it recharged on parties to a crime and did not recharge on accomplices, including, more particularly, the law regarding corroboration. Considering the request of the jury, however, the trial court was not required to recharge on corroboration. *Edwards v. State*, supra.

3. Null has not shown an abuse of discretion in the trial court's ruling that permitted the investigating officer to remain in the courtroom to assist the prosecutor. *Childs v. State*, 257 Ga. 243, 251 (357 SE2d 48) (1987). Assuming that an instruction based on *Mullis v. State*, 184 Ga. App. 525, 526 (362 SE2d 90) (1987), relative to the credibility of an unsequestered witness has any application to these facts, no request for such an instruction was made and no reversible error appears.

4. Nor is reversal required due to the defendant's complaint that the photographs of the victim should not have been admitted because the defendant stipulated the cause of death. *Gore v. State*, 246 Ga. 575, 576 (272 SE2d 306) (1980). The defendant cannot complain when photographs are admitted that portray the havoc wreaked by the defendant's own hand rather than by other causes as in *Brown v. State*, 260 Ga. 153, 158 (391 SE2d 108) (1990) (Fletcher, J., dissenting); and in *McCullough v. State*, 255 Ga. 672, 673 (341 SE2d 706) (1986). As Justice Bowles said in *Moses v. State*, 245 Ga. 180, 187 (263 SE2d 916) (1980), "murder is a gory business."

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 11, 1991.

Ronnie K. Batchelor, for appellant.
Thomas C. Lawler III, District Attorney, Debra K. Turner, Assistant District Attorney, Michael J. Bowers, Attorney General, Andrew S. Ree, for appellee.