S91G1591. CHANDLER EXTERMINATORS, INC. v. MORRIS et al.
(416 SE2d 277)

WELTNER, Presiding Justice.

We granted certiorari in *Morris v. Chandler Exterminators,* 200 Ga. App. 816 (409 SE2d 677) (1991) to consider:

> Whether the Court of Appeals erred in concluding that the trial court should have permitted [a neuropsychologist] to give his opinion regarding the cause of a mental disorder.

1. Based upon the results of clinical interviews and evaluations of four members of the Morris family, a neuropsychologist testified by affidavit that each had organic brain damage "as a result of exposure to, and inhalation of, the chemical Aldrin."[1]

2. The trial court granted Chandler Exterminators' motion to strike the affidavit of the psychologist, stating:

> Dr. Currie, though qualified to state which mental dysfunctions Plaintiffs may be suffering, is not competent to testify as to causation to a reasonable degree of medical certainty. . . . Medical causation is not a subject within the scope of psychological expertise. Opinion evidence is insufficient where such evidence presumes exposure without showing evidence of significant toxicity levels. *Hull v. Merck & Co., Inc.,* 758 F2d 1474 (11th Cir. 1985).

---

[1] The affidavit stated, in pertinent part:
Affiant states that in his opinion the physical organic brain damage measured by him in the Morris family is in the cortical portion of the brain which is an area of the brain most likely to experience injury from the absorption by a person, by inhalation or skin contact, with a neuro-toxic chemical such as Aldrin.

The record shows, Dr. Currie's opinions are too speculative and incompetent as to medical causation.

3. The following authorities control:
(a) OCGA § 43-39-1 (2) defines and limits the practice of psychology as follows:

"To practice psychology" means to hold oneself out to be a psychologist and to render . . . any service involving the application of recognized principles, methods, and procedures of the science and profession of psychology, such as, but not limited to, diagnosing and treating mental and nervous disorders, interviewing, administering, and interpreting tests of mental abilities, aptitudes, interest, and personality characteristics for such purposes as psychological classification or evaluation, or for education or vocational placement, or for such purposes as psychological counseling, guidance, or readjustment. Nothing in this paragraph shall be construed as permitting the administration or prescription of drugs or in any way infringing upon the practice of medicine as defined in the laws of this state.[2]

(b) In *Hammond v. State*, 156 Ga. 880 (2) (120 SE 539) (1923), we stated:

While expert witnesses may give their opinions as to facts, principles, and rules involved in the science in which they are learned, they are not, as to questions lying out of the domain of the science, art, or trade in which they are experts, exempt from the restriction of the rule which requires witnesses to state facts and not opinions.

(c) In *Barrow v. State*, 235 Ga. 635 (221 SE2d 416) (1975), we stated:

Georgia law [OCGA § 24-9-67] provides for the admission of

---

[2] Compare OCGA § 43-34-20 (3):
"To practice medicine" means to hold one's self out to the public as being engaged in the diagnosis or treatment of disease, defects, or injuries of human beings; or the suggestion, recommendation, or prescribing of any form of treatment for the intended palliation, relief, or cure of any physical, mental, or functional ailment or defect of any person. . . .
Hence, a psychologist is not qualified to render an opinion concerning a diagnosis of a mental disorder when such disorder requires a professional opinion as to a physical disorder — here, organic brain damage. Of course, a physical disorder may manifest psychological effects, concerning which a psychologist may render an opinion.

opinions of experts on any question of science, skill, trade, or like questions. It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular art, science or profession as to entitle him to be deemed prima facie an expert. [Cits.] [Id. at 639.]

The trial court did not abuse its discretion in striking portions of the affidavit of the psychologist.

4. We do not address Division 2 of the Court of Appeals opinion, and it stands affirmed.

*Judgment affirmed in part, and reversed in part. All the Justices concur.*

DECIDED MAY 21, 1992 —
RECONSIDERATION DENIED JUNE 11, 1992.

*Eason, Kennedy & Associates, Richard B. Eason, Jr.,* for appellant.

*Wilson, Strickland & Benson, Warner R. Wilson, Jr., Samuel T. Brannen III,* for appellees.