S93A1432. BRAMBLE v. THE STATE.
(438 SE2d 619)

FLETCHER, Justice.

Marlon Bramble was convicted of felony murder, aggravated assault and possession of a firearm during the commission of a felony for which he received, respectively, sentences of life imprisonment, a concurrent twenty-year term and a consecutive five-year term of imprisonment.[1] He appeals and we affirm.

1. After reviewing the evidence in the light most favorable to the jury's determination of guilt, we conclude that a rational trier of fact could have found Bramble guilty of the crimes for which he was convicted beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The court did not err by refusing to allow Bramble to ask a prospective juror whether she felt that his testimony as the accused was worth less than the testimony of the person accusing him. Control of the voir dire examination is within the sound discretion of the trial court and the court's discretion will not be interfered with unless the record shows a manifest abuse of that discretion. *Wilcox v. State*, 250 Ga. 745, 759 (301 SE2d 251) (1983). The challenged question

---

[1] Bramble was indicted in July 1991 on charges of malice murder, felony murder, three counts of aggravated assault and possession of a firearm during the commission of a felony. In December 1991, he was found guilty of felony murder, one count of aggravated assault and the possession charge. Bramble filed a motion for new trial which the court granted. He was retried and on August 27, 1992, was again found guilty of the felony murder, aggravated assault and possession charges. His motion for new trial was denied on October 7, 1992, and on November 5, 1992, he filed a notice of appeal to the Court of Appeals. The case was docketed in the Court of Appeals on June 1, 1993, transferred to this court on June 22, 1993, and docketed here on June 28, 1993. On August 13, 1993, the appeal was submitted for decision on briefs.

could have been interpreted as improperly asking the venire member to prejudge the credibility of the witnesses. We find the court did not abuse its discretion by sustaining the prosecutor's objection.

3. We find no merit in Bramble's contention that the court erred by admitting into evidence preautopsy photographs of the victim. The photographs were not unduly gruesome and were relevant, despite the fact that Bramble did not contest the cause of death, because they accurately depicted the number and locations of wounds inflicted on the victim and aided the medical examiner in explaining his testimony. *Null v. State*, 261 Ga. 180, 181 (402 SE2d 721) (1991); *Gore v. State*, 246 Ga. 575, 576 (272 SE2d 306) (1980).

4. The court sustained the prosecutor's hearsay objection to certain testimony which Bramble sought to elicit from several state witnesses. Bramble does not contend that such testimony is not hearsay. Rather, on appeal he contends that the testimony is admissible under the necessity exception to the hearsay rule. See *Mallory v. State*, 261 Ga. 625 (2) (409 SE2d 839) (1991). Because, during trial, Bramble neither argued nor offered to show the necessity or trustworthiness of this hearsay testimony, the court correctly precluded its admission. See *Pittman v. State*, 178 Ga. App. 693, 694 (3) (344 SE2d 511) (1986) (cross-examination properly limited on state's objection where defendant made no offer of proof or other showing that the testimony to be elicited was material); *Scott v. State*, 178 Ga. App. 222, 224 (2) (343 SE2d 117) (1986) (similar transaction evidence properly excluded where no proffer of the relevance of such evidence was made and no foundation as to its admissibility was laid); see generally *United States v. Grapp*, 653 F2d 189, 194 (5th Cir. 1981) (defendant's claim that testimony was admissible under an exception to the hearsay rule will not be considered for the first time on appeal).

*Judgment affirmed. All the Justices concur.*

DECIDED JANUARY 24, 1994.

*Henry C. Johnson, Jr.,* for appellant.

*J. Tom Morgan, District Attorney, Gregory J. Giornelli, Barbara B. Conroy, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Peggy R. Katz, Staff Attorney,* for appellee.