## A95A0365. FRAZIER v. THE STATE.
(452 SE2d 803)

BLACKBURN, Judge.

Louis Thomas Frazier was found guilty but mentally ill by a jury of aggravated battery, armed robbery, and three counts of aggravated assault. On appeal, Frazier contends that the trial court erred in allowing Dr. Ralph Allsopp, Ph.D., to testify concerning his mental condition during the commission of the crimes.

Frazier asserts Dr. Allsopp was not qualified to testify in the present case because Frazier was medicated during his interview with Dr. Allsopp, but was not medicated during the commission of the crimes. Frazier argues that as Dr. Allsopp was not a medical doctor, he was not qualified to give an opinion as to Frazier's mental condition while unmedicated.

OCGA § 17-7-130.1 provides that "[a]t the trial of a criminal case in which the defendant intends to interpose the defense of insanity, evidence may be introduced to prove the defendant's sanity or insanity at the time at which he is alleged to have committed the offense charged in the indictment or information. When notice of an insanity defense is filed, the court shall appoint at least one psychiatrist or licensed psychologist to examine the defendant and to testify at the trial. This testimony shall follow the presentation of the evidence for the prosecution and for the defense, including testimony of any medical experts employed by the state or by the defense. The

medical witnesses appointed by the court may be cross-examined by both the prosecution and the defense, and each side may introduce evidence in rebuttal to the testimony of such a medical witness." Pursuant to this Code section, the court appointed Dr. Allsopp to examine Frazier.

Dr. Allsopp testified that he was a licensed Ph.D. level psychologist employed to complete forensic evaluations for Clayton and Fulton counties. Dr. Allsopp further testified that he was aware Frazier was medicated during his interview. He was also aware that Frazier had voluntarily stopped taking his medication prior to the commission of the crimes charged. Dr. Allsopp testified that his interview was designed to elicit information regarding Frazier's mental condition at the time of the commission of the crimes.

Frazier relies upon *Chandler Exterminators v. Morris*, 262 Ga. 257 (416 SE2d 277) (1992), to support his contentions. In *Chandler Exterminators*, the Georgia Supreme Court determined that a neuropsychologist was not qualified to give his opinion regarding the cause of a mental disorder. Id. at 259. However, the present case is distinguishable from that relied upon by Frazier.

Dr. Allsopp did not testify as to the cause of any psychosis or mental condition. Dr. Allsopp testified regarding Frazier's mental condition at the time of the commission of the crimes based upon Frazier's discussion of his feelings at the time of the crime. Additionally, Frazier's own psychiatrist testified regarding his mental condition at the time of the commission of the crimes, and the effect of the medication.

In the present case, we find that the trial court did not abuse its discretion in allowing Dr. Allsopp to testify as to his court-appointed evaluation of Frazier.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 19, 1995.

*Ronald W. Horton,* for appellant.
*Robert E. Keller, District Attorney, Nancy Trehub, Assistant District Attorney,* for appellee.