## S95A1870. JORDAN v. THE STATE.
(467 SE2d 568)

BENHAM, Chief Justice.

This appeal is from R. L. Jordan's conviction for malice murder.[1] Evidence adduced at the trial showed that Jordan used a shotgun to kill Barbara Payne, a woman with whom he had been having an affair. On the day of the shooting, Payne called Jordan's wife; she confronted Jordan; and he left the house, returning later to tell his wife that he had shot "that woman." Jordan did not deny the shooting, but contended that he was insane at the time. He was found guilty by a jury and was sentenced to life imprisonment.

1. The evidence at trial, summarized above, was sufficient to au-

---

[6] Prior to obtaining a divorce, the father began living with another woman and fathered a child out of wedlock.

[1] The crime occurred on February 14, 1993, and Jordan was indicted on April 6, 1993. A trial conducted on July 6-8, 1993, resulted in a verdict of guilty and a sentence of life imprisonment. A motion for new trial filed July 28, 1993, was denied by an order entered on June 27, 1995. A notice of appeal was filed on July 25, 1995; this appeal was docketed in this Court on August 17, 1995; and the case was submitted for decision on briefs on October 10, 1995.

thorize a rational trier of fact to find Jordan guilty of murder beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Jordan contends that the trial court's admission into evidence of photographs of Payne's body was error because he admitted that he killed her. That argument is controlled adversely to him by *Null v. State*, 261 Ga. 180 (4) (402 SE2d 721) (1991), and *Gore v. State*, 246 Ga. 575 (1) (272 SE2d 306) (1980), both of which hold that stipulation as to the cause of death does not render photographs of the victim's body inadmissible. There was no error in admitting the photographs.

3. Jordan's final enumeration of error complains of the trial court's admission of testimony concerning statements made to the witness by Payne in a telephone conversation several days before the killing, including an alleged threat by Jordan to kill Payne. Jordan objected to the testimony on two bases: failure to lay a foundation[2] and hearsay.

> When the contents of a telephone conversation are sought to be used against a particular person, the rule governing admissibility "requires that (a) the other party to the conversation be identified by competent evidence when identity is relevant; and (b) the contents of the phone conversation be admissible (e.g., qualify under some exception to the hearsay rule before admission)." [Cit.]

*Jackson v. State*, 256 Ga. 536 (2) (350 SE2d 428) (1986). The witness testified that she had several conversations with Payne and that she recognized Payne's voice on the telephone from those conversations. That is competent evidence sufficient to establish a foundation for admission of the testimony. *Jackson v. State*, supra; *Cannady v. Lamb*, 146 Ga. App. 850 (247 SE2d 500) (1978).

"An exception to the rule against the admission of hearsay will be allowed 'from necessity' where 'necessity' and 'particularized guarantees of trustworthiness' are established. [Cits.]" *Hayes v. State*, 265 Ga. 1 (3) (453 SE2d 11) (1995). The "necessity" element is satisfied in this case because the declarant is dead. *McKissick v. State*, 263 Ga. 188 (3) (429 SE2d 655) (1993).

The trustworthiness element, however, is a problem. Although there are sufficient indications of the trustworthiness of the witness's testimony, the trustworthiness of the declarant's statement is equally

---

[2] Although Jordan's objection that the State did not lay a proper foundation for admission of testimony concerning a telephone conversation might be considered waived because the objection did not set forth the foundation to be laid (see *Dick v. State*, 246 Ga. 697 (13) (273 SE2d 124) (1980)), we have examined the record and decide the issue on its merits.

important. *Mallory v. State*, 261 Ga. 625 (409 SE2d 839) (1991). As to that, the record does not demonstrate trustworthiness. In fact, parts of the declarant's alleged statement were directly contradicted by Jordan's wife and by the witness who recounted the statement. We must conclude, therefore, that the trial court's admission of the testimony concerning the victim's alleged statement was error.

Whether the error demands reversal is another issue. After an examination of the record, we conclude that because of the presence of other evidence showing that Jordan had grown increasingly hostile over the months preceding the killing, that he had begun keeping a shotgun (the murder weapon) in his car some months before the killing, and that he considered killing his wife on the same day he killed Payne, it is highly probable that the error did not contribute to the verdict. *Johnson v. State*, 238 Ga. 59 (230 SE2d 869) (1976).

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 11, 1996 —
RECONSIDERATION DENIED MARCH 28, 1996.

*Word & Mitchell, Gerald P. Word,* for appellant.
*Peter J. Skandalakis, District Attorney, Anne C. Allen, Assistant District Attorney, Michael J. Bowers, Attorney General,* for appellee.