Sharon L. HUNTOON, Plaintiff–Appellee,

v.

TCI CABLEVISION OF COLORADO,
INC., a Colorado corporation,
Defendant–Appellant.

No. 95CA1944.

Colorado Court of Appeals,
Div. I.

April 3, 1997.

As Modified on Denial of Rehearing
May 22, 1997.

Certiorari Granted Dec. 15, 1997.

Jean E. Dubofsky, P.C., Jean E. Dubofsky, Boulder; Purvis Gray Schuetze & Gordon, John A. Purvis, Glen F. Gordon, Boulder, for Plaintiff–Appellee.

Sherman & Howard L.L.C., Richard N. Baer, John J. Cyran, Denver; Burg & El-dredge, P.C., Janet R. Spies, Brendan O. Powers, Denver, for Defendant–Appellant.

Opinion by Judge METZGER.

In challenging a judgment entered in favor of plaintiff, Sharon Huntoon, defendant, TCI Cablevision of Colorado, Inc., asserts that the trial court erred in granting plaintiff's motion for a directed verdict on the issue of liability. Defendant also appeals several discovery and evidentiary issues. We reverse and remand the cause for a new trial.

This case arises from injuries sustained by plaintiff in a rear-end collision. Both plaintiff and an employee of defendant were traveling in the same direction on a Boulder street when an individual traveling two cars ahead of the plaintiff attempted to park in an angular parking spot. The automobile in front of plaintiff then slowed to a stop, thereby causing plaintiff to stop her vehicle suddenly. The defendant's vehicle, driven by one of its employees, then rear-ended plaintiff's vehicle.

After the presentation of all the evidence, plaintiff moved for a directed verdict on the issue of liability. She argued that no evidence had been presented to allow defendant to contend, under the theory of comparative negligence, that plaintiff shared responsibility for causing her injuries and that defendant was liable for her injuries, damages, and losses. The trial court granted the motion and then let the jury proceed to the question of damages.

## I.

Defendant first contends the trial court erred in directing a verdict on the issue of liability. We agree.

■ A review of a trial court's entry of a directed verdict presents an issue of law. A court deciding a motion for directed verdict must consider the evidence in the light most favorable to the party against whom it is directed and the strongest inferences reasonably deducible from the most favorable evidence should be indulged in his or her favor. Indeed, the evidence supporting a directed verdict must do more than contradict conflicting evidence; it must nullify such evidence. *Gossard v. Watson,* 122 Colo. 271, 221 P.2d 353 (1950); *see also Evans v. Webster,* 832 P.2d 951 (Colo.App.1991).

■ The general rule in cases involving rear-end collisions is that the driver of the car that follows and collides with the car in front is presumed to have been negligent. However, this presumption is rebuttable. *Bettner v. Boring,* 764 P.2d 829 (Colo.1988).

■ Even when a defendant has been presumed negligent as a matter of law, Colorado's comparative negligence statute requires that the parties' relative fault be apportioned in determining applicable recovery. *Lyons v. Nasby,* 770 P.2d 1250 (Colo.1989).

■ When determining whether a comparative negligence jury instruction should be given, an appellate court must determine whether the evidence in the case supports such an instruction. In such regard, it is important to keep in mind that a jury may believe all, none, or only specific portions of the evidence presented and, thus, may believe all or just a portion of a certain witness' testimony. *Gordon v. Benson,* 925 P.2d 775 (Colo.1996).

■ Here, the employee who was driving defendant's vehicle testified that he observed the rear of plaintiff's car lurch upward after

she stopped suddenly. The witness testified that he was unable to stop in time to avoid colliding with her car. The plaintiff testified that she was "not really paying attention" to the activity in the street at the time of the accident and her testimony was inconsistent as to the duration of the period between when her vehicle stopped and when she was rear-ended by defendant's employee.

Viewing this evidence in the light most favorable to the defendant, and indulging in the strongest inferences reasonably applicable, we conclude that a jury could find that a portion of fault lay with plaintiff. Thus, because there are discrepancies in the evidence, it was improper for the trial court to direct a verdict on the issue of liability.

## II.

■ An issue concerning both liability and damages that may arise on retrial is defendant's contention that the trial court erred in admitting unqualified expert testimony concerning the cause of plaintiff's brain injuries. We agree.

During trial, plaintiff called a neuropsychologist, employed by her insurer, who had administered neurological examinations to determine the extent of plaintiff's injuries.

At trial, plaintiff's counsel asked, on a number of occasions, whether the accident had caused plaintiff's injuries. Over objection, the trial court allowed the witness to address these questions. While the witness did not directly answer the questions, the clear import of his testimony was that the accident had caused plaintiff's injuries.

■ A neuropsychologist may testify as an expert witness regarding the existence of organic brain injury if the neuropsychologist has reviewed an individual's history, medical records, school records, and has interviewed the individual and conducted neuropsychological testing. *Gast v. City of Fountain,* 870 P.2d 506 (Colo.App.1993), *rev'd on other grounds,* 904 P.2d 478 (Colo.1995). However, no authority in Colorado allows a neuropsychologist to testify to the physical cause of organic brain injury.

Other jurisdictions which have addressed this question have held that a neuropsychologist may not opine concerning the physical cause of brain injury. The rationale for prohibiting such testimony is that psychologists are not medical doctors trained in the physiological aspects of the human body. *See Edmonds v. Illinois Central Gulf R.R. Co.,* 910 F.2d 1284 (5th Cir.1990)(clinical psychologist not qualified to testify on alleged link between employee's job-related stress and worsening of heart condition); *Bilbrey v. Industrial Commission,* 27 Ariz.App. 473, 556 P.2d 27 (1976)(clinical psychologist could not present expert testimony as to causal connection between accident and physical condition); *Executive Car & Truck Leasing v. DeSerio,* 468 So.2d 1027 (Fla.Dist.Ct.App.1985)(trial court erred in allowing psychologist to testify that accident in question caused the organic brain damage); *Chandler Exterminators, Inc. v. Morris,* 262 Ga. 257, 416 S.E.2d 277 (1992)(neuropsychologist not competent to testify as to causation to reasonable degree of medical certainty)(ruling subsequently superseded by statute); *cf. Valiulis v. Scheffels,* 191 Ill.App.3d 775, 138 Ill.Dec. 668, 547 N.E.2d 1289 (1989).

Further, a review and comparison of Colorado statutes defining the practices of medicine, § 12–36–106, C.R.S. (1991 Repl.Vol. 5B), and of psychology, § 12–43–301, C.R.S. (1991 Repl.Vol. 5B), illustrate the difference between these two disciplines. The former treats the physical and mental aspects of the body, while the latter concentrates solely on the psychological aspects of the mind.

Here, the neuropsychologist did not demonstrate the necessary qualifications to render an opinion concerning causation. *See* CRE 702; *Thirsk v. Ethicon, Inc.,* 687 P.2d 1315 (Colo.App.1983).

Therefore, we hold that the trial court erred in allowing him to testify to causation, and, under similar circumstances, such testimony should be barred on retrial.

## III.

■ We agree with defendant that certain remarks made by plaintiff's trial counsel during closing argument were improper.

During closing argument, plaintiff's trial attorney inferred that defendant, "which takes much from the community," had the wherewithal to pay the damages requested. Additionally, trial counsel strongly implied that plaintiff would donate to charity any damages she would be awarded.

Such comments are improper and, on retrial, plaintiff's closing argument should be restricted to the evidence presented. *See Appel v. Sentry Life Insurance Co.*, 701 P.2d 634 (Colo.App.1985), *aff'd*, 739 P.2d 1380 (Colo.1987).

### IV.

In light of this resolution, defendant's other contentions are moot.

The judgment is reversed and the cause is remanded for a new trial on both liability and damages.

NEY and CASEBOLT, JJ., concur.