## S99A0990. WARD v. THE STATE.
(520 SE2d 205)

BENHAM, Chief Justice.

Pamela Mann was struck by a vehicle driven by appellant John Coy Ward on November 19, 1997, and died without regaining consciousness a month later from pneumonia she developed while comatose. Appellant was convicted of felony murder/aggravated assault in connection with Ms. Mann's death, and appeals from the judgment entered on the verdict.[1]

A Butts County deputy sheriff responding to a call that a man and woman with a red pickup truck were arguing in the middle of a specified road found the victim lying on the dirt road with her arms above her head, appellant leaning over her, and the truck nearby. Appellant told the deputy that the victim had jumped out of appellant's moving vehicle during an argument. He further stated that the victim had re-entered the vehicle and had demanded to return home, and that appellant had felt a bump as he backed his vehicle, but that he had not run over the victim. Medical testimony established that the victim had suffered severe brain injuries, a broken shoulder blade, nerve damage that rendered her left arm useless, and a bro-

---

[1] The Butts County grand jury returned a true bill against appellant on March 5, 1998. A jury trial commenced September 14 and concluded with the return of the jury's verdict on September 16. The trial court sentenced appellant to life imprisonment on September 16, and he filed a motion for new trial on October 13. He amended his motion on February 12, 1999, and the trial court denied the amended motion on February 24. Appellant filed a notice of appeal on March 23, and his appeal was docketed in this Court on April 6. Oral argument was heard on June 21, 1999.

ken jaw. Both her treating physician and the medical examiner testified that her injuries were consistent with having been run over by a motor vehicle, and were not consistent with the victim having jumped from a moving vehicle. A photo of the leather jacket the victim was wearing when she was injured showed a tire track across it.

The State also presented evidence that appellant and the victim had lived together for two years and that their relationship was turbulent, with appellant frequently accusing the victim of having affairs with other men. A co-worker of the victim testified that she had visited the victim at the victim's home about two hours before the victim was injured, that the victim and appellant had argued during that visit, and that the victim had told the visitor that she was scared for her life. Another witness who had been friends with the victim for twenty-one years testified that she had been with the victim five days before the victim was injured; that the victim had left with appellant for thirty-forty minutes; and that, upon her return, the victim, described as crying, terrified and in a rage, had told the witness that appellant had told her he was going to kill her.

1. Appellant contends the State did not present sufficient evidence from which a rational trier of fact could find appellant guilty of felony murder beyond a reasonable doubt. Specifically, appellant contends that the State did not prove he intended to kill the victim or that he used his truck as a deadly weapon by intentionally running over the victim. Because appellant was convicted of felony murder which does not require proof of intent to kill, the State had only to establish that the defendant had the requisite criminal intent to commit the underlying felony, aggravated assault. *Franklin v. State*, 268 Ga. 865 (1) (494 SE2d 327) (1998). Criminal intent is a question for the jury and may be inferred from conduct before, during and after the commission of the crime. *Peterson v. State*, 204 Ga. App. 532 (1) (419 SE2d 757) (1992). See also *Burks v. State*, 268 Ga. 504, 505 (491 SE2d 368) (1997). The evidence was sufficient to authorize a rational trier of fact to conclude that appellant possessed the requisite intent and was guilty beyond a reasonable doubt of felony murder/aggravated assault. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Appellant contends the trial court erroneously admitted hearsay testimony under the "necessity" exception to the rule against the use of hearsay when it permitted the victim's co-worker to testify that the victim had told her, hours before she was run over, that she was "scared for her life," and when the court permitted the victim's friend to testify that the victim had told her that appellant had threatened to kill the victim.

The two requirements for the admission of hearsay under the "necessity" exception are "necessity" and "particularized guarantees

of trustworthiness." *Jordan v. State,* 266 Ga. 499 (3) (467 SE2d 568) (1996), overruled on other grounds in *Clark v. State,* 271 Ga. 6, 10 (515 SE2d 155) (1999). In order to satisfy the first requirement, the proponent of the hearsay must show that "the declarant is deceased or unavailable, that the statement is relevant to a material fact, and that the statement is more probative than other evidence which may be offered. *Chapel v. State,* 270 Ga. 151 (4) (510 SE2d 802) (1998). The second requirement is satisfied when the declaration is coupled with circumstances which attribute verity to it. [Cit.]" *Azizi v. State,* 270 Ga. 709 (2) (512 SE2d 622) (1999). In the case at bar, the first requirement is satisfied since the declarant is deceased, the statements are relevant in that one shows appellant's state of mind and the other the victim's fear for her personal safety (see id.), and the statements are more probative than other evidence.

As is usually the case, the more difficult issue is whether the deceased declarant's statements were made under circumstances which offer particularized guarantees of trustworthiness to authorize their use at trial without the benefit of the oath and the test of cross-examination of the declarant. *White v. State,* 268 Ga. 28 (2) (486 SE2d 338) (1997). In such a situation, the court considers the totality of the circumstances. *Fetty v. State,* 268 Ga. 365, 367 (489 SE2d 813) (1997); *Dix v. State,* 267 Ga. 429, 431 (479 SE2d 739) (1997); *Roper v. State,* 263 Ga. 201 (2) (429 SE2d 668) (1993). Uncontradicted statements made to one in whom the deceased declarant placed great confidence and to whom she turned for help with her problems are admissible under the necessity exception. *Fetty v. State,* supra, 268 Ga. at 368; *McGee v. State,* 267 Ga. 560 (5) (480 SE2d 577) (1997); *Roper v. State,* supra. Cf. *Carr v. State,* 267 Ga. 701 (3) (482 SE2d 314) (1997).

In the case at bar, one witness testified that she and the victim had known each other for over twenty years and had been neighbors for the ten years before the victim's death. She described herself and the victim as "good friends" who had seen each other at least twice a week until the last two-three years, when the victim had become involved with appellant and had spent much of her time with him on the road as a truck driver. The witness testified that she and the victim had a "trusting" relationship which allowed them to talk to each other about family and relationship issues. Five days before the victim was injured, the witness and the victim had spent two-three hours together when appellant interrupted them and had the victim leave with him for thirty-forty minutes. Upon her return, the victim told the witness that appellant had threatened to kill her. In light of the victim's reaction to the threat, the witness made arrangements

for the victim to spend the night elsewhere.[2]

The second hearsay witness testified that she was the manager of the small restaurant at which the victim had worked, and had been a friend of the victim for two-three years. She stated that the victim sought her out, placed confidence in her, and talked to her about the victim's personal problems. Because the victim had not shown up for work, the witness went to the victim's home in the late afternoon of November 19, just a few hours before the victim sustained her fatal injuries. The witness found appellant and the victim arguing and, when the witness encouraged the victim to leave with the witness, the victim told the witness she was scared for her life. Under the totality of the circumstances, we concur with the trial court's conclusion that the deceased declarant's statements to the two witnesses were coupled with circumstances that attribute verity to it. The trial court did not err when it admitted the hearsay testimony.

3. Appellant contends the trial court erroneously permitted two witnesses to testify about alleged prior difficulties between appellant and the victim without evidence of a probative connection between the prior incidents and the incident giving rise to appellant's murder trial. Pretermitting appellant's failure to voice an objection at trial to the testimony at issue, we note that we held in *Wall v. State*, 269 Ga. 506, 509 (500 SE2d 904) (1998), that evidence of a defendant's prior acts toward the victim is admissible when the defendant is accused of a criminal act against the victim because the prior acts "are evidence of the relationship between the victim and the defendant and may show the defendant's motive, intent, and bent of mind in committing the act against the victim which results in the charges for which the defendant is being prosecuted." The trial court did not err in admitting the testimony in question.

4. Appellant believes reversible error was committed when the trial court permitted the State to impeach one of its witnesses with a prior statement inconsistent with his trial testimony without laying the foundation set forth in *Duckworth v. State*, 268 Ga. 566 (492 SE2d 201) (1997). As we stated in *Duckworth* at 568, the necessary foundation is set forth in OCGA § 24-9-83: the time, place, person, and circumstances of the former statement must be called to the witness's attention and, if the contradictory statement is in writing, it must be shown or read to the witness. Our review of the transcript shows the witness was reminded of the circumstances surrounding the prior inconsistent statement and acknowledged making the ear-

---

[2] Appellant contends the victim was drunk when she repeated the threat to the witness. The witness admitted that each of the women had consumed two or three beers over the two-three hours they were together, but denied that either one of them was drunk.

lier statement, and that the witness was twice permitted to read his prior statement.[3] We conclude that appellant's enumerated error is without merit.

5. As stated earlier, appellant told the deputy who first came upon the scene that the victim had jumped from appellant's moving vehicle. At trial, the investigating officer testified that, in his experience as a police training officer and as an investigating officer, he had both witnessed and investigated situations where a moving vehicle traveling with a door open had stopped suddenly. Appellant contends that, over his objection, the State qualified the investigating officer as an expert and the trial court permitted the officer to testify as an expert about a topic on which no expert testimony was needed. Appellant further contends that, if the subject were one requiring expert testimony, the investigating officer was not properly qualified as an expert in this area. The officer testified that, in his experience, the vehicles had suffered damage, with either the door hinges being stretched or the quarter panel's sheet metal being bent by the movement of the open door when the vehicle stopped suddenly. He stated that he had seen no such damage on appellant's truck.

To respond to appellant's second objection first: One may be deemed an expert, i.e., one with special knowledge of a particular skill or profession, by dint of experience as well as by study. *Bowden v. State*, 239 Ga. 821 (3) (238 SE2d 905) (1977). As to appellant's concerns that expert testimony was given where none was needed: the trial court never qualified the witness as an expert and limited the witness's testimony to a recounting of his personal experience. The witness complied with the trial court's instructions and never gave an opinion, expert or otherwise. Through his testimony, he informed the jury of the type of damage he had seen when a vehicle with a door ajar stopped suddenly, and that he had seen no such damage on appellant's vehicle. In so doing, the investigating officer acted as a

---

[3] A review of the transcript of the testimony of the witness at issue shows that the witness could not recall the contents of a particular telephone conversation he had had with appellant about two weeks after the victim was injured, but did recall that he had related the contents of the conversation the next day to an officer investigating the victim's injuries. The witness was given the transcript of his conversation with the investigating officer, and then was able to recount some of the contents of the telephone conversation he had had with appellant. When he testified that appellant had not said whether the victim and appellant had been arguing as they drove in the truck the night the victim was injured, the witness was allowed to refresh his recollection by again reviewing the transcript of his interview with the investigating officer. Sometime later in his testimony, the witness testified that appellant had told him he did not recall what had happened from the time appellant and the victim had left the house until the victim was injured. The prosecuting attorney then asked the witness whether he recalled telling the investigator that appellant had told him that appellant had stopped and let the victim out of the truck, and the witness acknowledged that he had been told that by appellant.

lay witness, stating facts, not opinions. See *Chandler Exterminators v. Morris*, 262 Ga. 257 (3) (b) (416 SE2d 277) (1992).[4] We see no merit in appellant's enumerated error.

6. During his cross-examination of the victim's sister, appellant's trial counsel asked whether the witness knew anything about the victim's daughter having stolen jewelry from the victim. The trial court sustained the State's objection, and we will affirm that ruling unless appellant demonstrates that the trial court abused its discretion. *Klinect v. State*, 269 Ga. 570 (4) (501 SE2d 810) (1998). Inasmuch as the transcript reflects that the witness did not have personal knowledge of the subject of the inquiry and the victim's daughter subsequently testified and was not questioned about the alleged theft, we do not see any abuse of the trial court's discretion.

7. Appellant next takes issue with the trial court's failure to give appellant's written requests to charge on criminal intent, misdemeanor involuntary manslaughter, circumstantial evidence (i.e., the "two equal theories" charge), and on the jury as the judge of witness credibility. He also complains that the trial court's jury instruction defining a "crime" was incomplete and constituted reversible error.

(a) The instruction on criminal intent given by the trial court tracked the language of the first paragraph of appellant's request; the second paragraph of the request sought to have the jury informed that specific intent was an essential element of the crime that must be proved beyond a reasonable doubt, that intent was a jury question, and that intent could be proven by a variety of means. See OCGA § 16-2-6. The trial court covered these relevant principles of law elsewhere in its instructions to the jury. Accordingly, there was no error in failing to give the charge in the exact language of the request. *Ennis v. State*, 249 Ga. 222 (3) (290 SE2d 50) (1982). See also *Johnson v. State*, 209 Ga. App. 632 (4) (434 SE2d 169) (1993). The same legal rationale applies to appellant's contention regarding the requested instruction concerning the jury's role in assessing witness credibility and resolving evidentiary conflicts since the charge given covered the principles set forth in appellant's requested charge, albeit not in the exact language requested by appellant.

(b) The requested "two equal theories" charge was similar to that requested in *Smith v. State*, 264 Ga. 857 (4), fn. 2 (452 SE2d 494) (1995). Since the trial court properly instructed the jury on circumstantial evidence by giving a charge which basically tracked the language of the suggested pattern instruction, it was not error to refuse to give the requested charge on two theories. Id.

---

[4] Since the witness never gave an opinion, this is not a case where the issue is the appropriateness of a lay witness voicing an opinion. See OCGA § 24-9-65; *Johnson v. Knebel*, 267 Ga. 853 (2) (485 SE2d 451) (1997).

(c) Instead of giving appellant's requested charge on "lawful act, unlawful manner" involuntary manslaughter (OCGA § 16-5-3 (b)), the trial court instructed the jury on "unlawful act" (i.e., reckless conduct) misdemeanor involuntary manslaughter. OCGA § 16-5-3 (a). Appellant argues that backing up one's vehicle when a passenger jumps out of the vehicle is a lawful act that can be done in an unlawful manner. Where, as here, the victim's blood alcohol content was .18 upon admission to the hospital and appellant told investigating officers that she had twice jumped out of the moving vehicle, appellant's act of backing up his vehicle after the intoxicated passenger had jumped out, without knowing the whereabouts of the passenger, constitutes reckless conduct — causing "bodily harm to . . . another person by consciously disregarding a substantial and unjustifiable risk that his act . . . will cause harm [to] or endanger the safety of the other person and the disregard constitutes a gross deviation from the standard of care which a reasonable person would exercise in the situation. . . ." OCGA § 16-5-60 (b). Since appellant's claimed conduct "comes so plainly within the definition of the crime of 'reckless conduct' that it cannot qualify as a 'lawful act[,]' " the trial court did not err when it declined to give the requested charge. *Harmon v. State*, 259 Ga. 846, 849 (388 SE2d 689) (1990). See also *Moses v. State*, 264 Ga. 313 (2) (444 SE2d 767) (1994).

(d) Turning to appellant's concern about the trial court's instruction which told the jury what a crime was, we note that OCGA § 16-2-1 defines "crime" as "a violation of a statute of this state in which there is a joint operation of an act or omission to act and intention or criminal negligence." The trial court informed the jury that a crime was "a violation of a statute of this state in which there is a joint operation of an act or an omission to act." The court immediately went on to tell the jury that no one could be convicted of a crime without the jury finding criminal intent from the proven facts, and later instructed the jury on the essential elements of the crimes charged. "[A] failure to charge in the exact language of [OCGA § 16-2-1's predecessor] is not error where, as here, the court fully instructs on the essential elements of the crime charged, including the requisite intent. [Cits.]" *Redd v. State*, 141 Ga. App. 888 (4) (234 SE2d 812) (1977). See also *Page v. State*, 256 Ga. 191 (1) (345 SE2d 600) (1986).

*Judgment affirmed. All the Justices concur.*

DECIDED SEPTEMBER 13, 1999 —
RECONSIDERATION DENIED NOVEMBER 15, 1999.

*Brown & Romeo, Robert T. Romeo,* for appellant.
*Tommy K. Floyd, District Attorney, Flint Circuit, Thomas R. McBerry, Sandra A. Graves, Assistant District Attorneys, Thurbert E.*

Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Angelica M. Woo, Assistant Attorney General, for appellee.